**UNITED STATES, Appellee,**

v.

**Gerald M. CONDON, SSN 573–66–7200, (formerly Private First Class United States Army), Appellant.**

**CM 420455.**

U. S. Army Court of Military Review.

13 June 1977.

Mr. David F. Addlestone, Esquire, argued the cause for the appellant. With him on the brief was Mr. Howard Denike, Esquire.

Captain Gary F. Thorne, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, and Lieutenant Colonel John T. Sherwood, Jr., JAGC.

Before CARNE, MITCHELL and MOUNTS, Appellate Military Judges.

PER CURIAM:

This case is before the Court on remand from the United States Court of Military Appeals.

Following a trial conducted on 4, 18 February and 17 March 1969, appellant was convicted by a general court-martial for two offenses of willful disobedience of orders of his superior commissioned officer in violation of Article 90, Uniform Code of Military Justice, 10 U.S.C. § 890. During the trial, but after arraignment, the appellant voluntarily absented himself from his unit of assignment. Thereafter, his trial was conducted in absentia. Appellant was convicted as charged and sentenced to a dishonorable discharge, confinement at hard labor for ten years, total forfeitures, and reduction to the grade of Private (E–1), which was approved by the convening authority. On 19 March 1970, the United States Army Court of Military Review, 42 C.M.R. 421 (A.C.M.R.1970), affirmed the findings of guilty but reassessed the sentence, based on an instructional error, affirming only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for two years, total forfeitures, and reduction to the grade of Private (E–1). On 17 June 1975, the Under Secretary of the Army remitted the unexecuted portion of the sentence to confinement at hard labor and forfeiture of all pay and allowances.

On 23 December 1975, the appellant petitioned this Court for a Writ of Coram Nobis or Other Extraordinary Relief seeking a reversal of his conviction based upon allegations that he was denied, at trial, representation by civilian counsel of his choice in that a civilian defense counsel retained by the appellant did not represent him at trial due to a misunderstanding between individual military counsel and the civilian counsel as to the date of trial. On 19 March 1976, this Court, after performing our review, found the petition to be without merit and denied it by order.

On 16 July 1976, the Court of Military Appeals granted appellant's petition for review of our denial. Thereafter, certain affidavits were filed with the Court of Military Appeals. On 17 December 1976, the Court of Military Appeals vacated this Court's denial of appellant's petition for

Writ of Error Coram Nobis and remanded the record of trial to this Court for "such further proceedings as are deemed appropriate for resolution of the factual issues raised by said affidavits." After the filing of additional pleadings by appellant and government, oral argument was ordered by this Court. The argument was held on 14 March 1977. Then, on 16 March 1977, we ordered additional briefs on two specified issues, concerning what standard the Court ought to use when weighing post-trial affidavits that contain controverted questions of fact and whether appellant is denied his constitutional right to confrontation when the Court decides, these type of factual disputes, against him. We find that we properly used our unique fact-finding authority under Article 66, Uniform Code of Military Justice, and the appellant's constitutional rights are not violated by our resolving the factual disputes from the post-trial affidavits. Since all those pleadings have been filed, this case is ripe once again for review to determine if a Writ of Error Coram Nobis ought to issue.

We hold that there is sufficient evidence of record to conclude that the appellant was not denied representation by the civilian counsel of his choice at this court-martial trial; hence, a Writ of Error Coram Nobis cannot issue. The operative facts demonstrate that the civilian defense counsel was aware of the date of trial and determined that he would not be present for Condon's court-martial trial.

In the Court's opinion of 1970, it was established that the civilian counsel was not present for the trial after the trial had been continued on two separate occasions in order that the civilian counsel could be retained and be present. The facts also show that the law officer was specifically advised by Condon's individually requested military defense counsel that he had talked with the civilian counsel and that the civilian counsel withdrew from the case at that time stating "under the circumstances I will not be there." Therefore, we believe that the prior decision properly resolved the issue that is again before this Court.

It is noted that during the appellant's trial, he was represented by not only the individual military defense counsel of his choice but also by an appointed military counsel. The conclusion which we must reach from all the evidence presented is that Condon's individual military counsel made certain statements of fact to the law officer regarding the civilian counsel's presence at trial and representation of the appellant which were accurate. We find such accuracy from the positive nature of his statements made at the trial and from the fact that at that time the individual military counsel had no logical reason to color the true facts.

In viewing the subsequent affidavits and current pleadings most favorably to the Appellant Condon, we are still compelled to find that no Writ of Coram Nobis should issue. First, the appellant herein has not presented to this Court evidence which would establish an error of fact at the original trial. This is a necessity to justify the issuance of the extraordinary Writ of Coram Nobis. *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Second, the error complained of was a matter that should have been raised during normal appellate procedure but was not. A Writ of Coram Nobis can not be used as a substitute for an appeal. *Myers v. United States*, 22 U.S.C.M.A. 582, 48 C.M.R. 176 (1974); *United States v. Frischolz*, 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966). Also, there is no valid evidence offered now that appellant was denied adequate representation at trial so as to indicate that an injustice occurred and will continue to exist while his conviction is allowed to stand. We note that this Court in its prior decision found that the appellant had received adequate assistance of counsel at trial (42 C.M.R. 421 at 423). Once again, at this time, we reiterate that we find no denial of any rights to counsel.

More is needed to be said about the proceedings at bar. It has long been a well-recognized rule of military law that an accused can be tried in absentia if he voluntarily absents himself after being properly

arraigned. *United States v. Houghtaling,* 2 U.S.C.M.A. 230, 8 C.M.R. 30 (1953). On or about 12 March 1969 the civilian counsel had a conversation with the individual military counsel regarding certain aspects of the proceedings. In light of all this, we feel that the civilian counsel should have known or, at a minimum, inquired of co-counsel if and when further proceedings would take place. Moreover, some time prior to 29 September 1970, the civilian counsel knew of the appellant's trial in absentia, but took no action. (Defense Exhibit 4).* Simply put, the appellant failed to justify the delay in raising the alleged error of fact relied on in his petition for coram nobis. What has resulted is the passage of six years which in turn can lead to the blurring of memories as to what transpired.

In summation, we find that the appellant was not denied representation by civilian counsel of his choice and that there is no error of fact upon which would justify the issuance of a Writ of Error Coram Nobis. Our reported decision of 19 March 1970 is reaffirmed by our action today. Therefore, no writ shall issue.

---

* Civilian counsel wrote a letter to the United States Army Judiciary, dated 29 September 1970, wherein he states he was advised by The Judge Advocate of the John F. Kennedy Center for Military Assistance, Fort Bragg, N.C., that his client was tried and sentenced.