UNITED STATES, Appellee,

v.

Mark J. LIGHTFOOT, Fireman Recruit,
U. S. Naval Reserve, Appellant.

No. 34,023.

NCM 76–2357.

U. S. Court of Military Appeals.

March 20, 1978.

*Commander Carl H. Horst,* JAGC, USN, argued the cause for Appellant, Accused.

*Lieutenant Sander Mednick,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel P. N. Kress,* USMC, *Lieutenant Commander N. P. DeCarlo,* JAGC, USN, and *Lieutenant H. S. Pointer,* JAGC, USN.

Opinion of the Court

FLETCHER, Chief Judge:

The appellant was tried at a general court-martial composed of a military judge alone. He was convicted pursuant to his pleas of two specifications of destruction of property, one specification of disrespect to a superior non-commissioned officer, and one specification of housebreaking, in violation of Articles 108, 91 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 891 and 930, respectively. The sentence adjudged was a bad-conduct discharge, total forfeitures, and confinement at hard labor for 7 months. The convening authority approved this sentence except for forfeitures in excess of $240.00 per month for 8 months. The Navy Court of Military Review affirmed the findings and sentence.

We granted review on the following issue:

WHETHER THE COURT–MARTIAL LACKED JURISDICTION TO TRY APPELLANT AS A RESULT OF AN INVOLUNTARY ENLISTMENT AND AS A RESULT OF ENLISTMENT WHICH WAS ESSENTIALLY CONTRARY TO RECRUITING REGULATIONS AND THE RESULT OF RECRUITER MISCONDUCT.

The following facts were found by the Court of Military Review or appear uncontroverted in the record of trial: The appellant was charged with burglary in Lewis County, Idaho, approximately four months prior to enlistment in the Naval Service. His parents at this time wanted him to join the service and the appellant informed his attorney of that desire. His lawyer told him that if the appellant advised the judge of his wish to join the military that "he could probably 'get off' with probation." Lightfoot was adjudicated a juvenile and placed on probation. The recruiter was not involved in these proceedings up to that time and subsequently processed the appellant's enlistment without knowledge that the proceedings had been dismissed against the accused on March 24, 1975, contingent on his entrance into the military service. He was enlisted on April 28, 1975. The Navy Court of Military Review concluded that the appellant had proposed through his attorney to the civilian court that military service be an alternative to civil probation.

■ Appellant's defense counsel cites *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974), for the proposition that the enlistment previously described was involuntary and not a lawful basis for court-martial jurisdiction. We believe it would be unreasonable to extend *Catlow* to embrace the situation in which a criminal defendant, on the advice of counsel, insti-

gates the proposal of military service as an alternative choice to confinement.[1] Moreover, there can be no legitimate finding of a lack of voluntariness in the sense of *Catlow* in the present case on the facts found by the Court of Military Review due to the total absence of intimidation or improper influence by agents of the government.[2] The appellant's enlistment was voluntary.

■ The other aspect of the question on jurisdiction raised by the appellant ignores the contract law principles applied in *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975).[3] Moreover, in spite of the questionable special findings[4] of the trial judge quoted in the lower court's opinion, the Navy Court of Military Review found:

> Considering all the circumstances, it is apparent that the recruiter in this instance was not guilty of any misconduct, nonfeasance or misfeasance, and certainly not guilty of any conduct which amounts to violation of the fraudulent enlistment statute, per Russo.

There exists sufficient evidence in the record of trial to justify these findings of fact by the Court of Military Review. We believe also that the government has successfully shown that the recruiter violated no criminal statute in enlisting this appellant.[5] Accordingly, we find that the enlistment provided a valid basis for court-martial jurisdiction.

The decision of the United States Navy Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring in the result):

To me, the essence of *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758

1. *See In re Grimley*, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890).

2. See cases cited in *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974).

3. A failure to conform with applicable recruiting statutes and regulations in and of itself has been held by the Supreme Court (*In re Grimley, supra*), as a matter of public policy, not to void

the original contract on grounds of illegality. *See also United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975).

4. These findings concern both fact and law.

5. *United States v. Russo, supra; United States v. Burden*, 23 U.S.C.M.A. 510, 50 C.M.R. 649, 1 M.J. 89 (1975), *but see In re Grimley, supra*.

(1974), is whether statutory and regulatory provisions prohibited the accused's enlistment, not whether the accused himself desired to be enlisted. Here, as in *Catlow*, the accused contends that his enlistment is void because he was, under the laws pertaining to enlistment, ineligible to join the Navy. A Navy regulation precludes enlistment of a person "who has been placed on probation or given a suspended sentence. . . . contingent on his enlistment"; a waiver of that disability was not authorized.

The record indicates that before his enlistment, the accused had been charged with burglary in a state court in Idaho. On March 24, the court issued an order dismissing "all proceedings." The order of dismissal, however, contained a provision that it was to be null and void if the accused failed to enter the armed services by May 1. The accused entered the Navy on April 28. In my opinion, the effect of the order was to free the accused from any charge, and he was not on probation or under a suspended sentence within the meaning of the Navy regulation. True, the charge of burglary could be reinstated, but that circumstance did not alter his status as a person not subject to any criminal charge. His situation was analogous to that of one against whom an indictment had been obtained, and later the indictment was dismissed without prejudice; as long as no new indictment is returned, the individual is indeed not an accused. I am satisfied, therefore, that the accused here was qualified for enlistment.

Even if the allegation that the recruiter violated the enlistment regulation by processing accused's application during the time he was in a probationary status on the state burglary charge were true, the Court of Military Review found, and the record indicates, that the directive "was neither received by the recruiter nor even effective when the appellant was enlisted." Accordingly, I join in affirmance of the decision of the Court of Military Review.