UNITED STATES, Appellee,

v.

Robert Gene SYLVA, SSN 575–72–0369, Sentenced Prisoner, Appellant.

CM 435431, CM 433215.

U. S. Army Court of Military Review.

5 June 1978.

Captain David L. Holmes, JAGC, argued the cause for appellant. With him on the briefs were Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, and Captain John Richards Lee, JAGC.

Captain Robert D. Newberry, JAGC, and Captain Paul W. Jacobson, JAGC, argued the cause for appellee. With them on the briefs were Colonel Thomas H. Davis,

JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain Richard A. Kirby, JAGC.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT ON APPEAL AND ON PETITION FOR WRIT OF ERROR CORAM NOBIS

JONES, Senior Judge:

We have consolidated two cases involving appellant for the purpose of argument and decision. One is a Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis. It alleges that a court-martial which tried appellant in Germany in 1975 lacked jurisdiction over his person because of a void enlistment.

The second case involves an appeal from a conviction of escape from confinement at the disciplinary barracks. The appellant initially alleged the second court-martial had no jurisdiction over him because he was a civilian, a discharged prisoner, at the time of the offense. In a supplemental assignment of error, appellant also contends there was no jurisdiction over him because his enlistment was void. An outline of the factual setting for these cases is in order.

On 11 March 1975 appellant was convicted by general court-martial in Germany of assault with a dangerous weapon, assault and battery, unlawful detention, and forcible sodomy with a child under the age of 16 (two specifications) in violation of Articles 128, 97 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 897 and 925. The military judge sentenced him to a dishonorable discharge, confinement at hard labor for 27 years, and accessory penalties. The convening authority approved the sentence. This Court affirmed the findings and sentence without modification and in January 1976 the United States Court of Military Appeals denied a petition for review.

While serving the sentence from this conviction but after his dishonorable discharge was executed, the appellant escaped from confinement in the United States Disciplinary Barracks. He was tried in October 1976 for that and another offense (resisting apprehension),[1] and sentenced to two years confinement. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 18 months.

Both convictions are now before this Court in the status indicated above. The crucial issue concerns appellant's initial enlistment in the Army. He maintains he disclosed to the recruiters his prior juvenile record for felony-type offenses. He asks this Court to remand both cases for a limited hearing to determine the jurisdiction question. This we decline to do.

During the course of preparing for appellant's initial trial in Germany, the trial defense counsel learned of appellant's juvenile record. Unable to obtain sufficient information on the matter from Germany, the trial defense counsel, along with the prosecutor, went to Hawaii where appellant had enlisted. They conducted separate inquiries into the enlistment.

The trial defense counsel confirmed that appellant had a juvenile record but he discovered that under no circumstances would the records be released to the Army, either at that time or earlier if a check had been made by recruiters. Trial defense counsel also checked with the members of the recruiting office where appellant enlisted and learned of the system of checks that were followed to minimize the possibility that a disclosure of a bar to enlistment could be suppressed.

Faced with the evidence indicating an absence of recruiter misconduct, the defense counsel was on the horns of a dilemma. If he raised the jurisdictional issue and was successful, the charges would be dismissed and the appellant released to the German authorities for action. If, as was more likely, he was unsuccessful with a jurisdictional motion, the appellant's juvenile record would be before the judge. Under those circumstances, after consulting

---

1. Charged as violations of Article 95, Uniform Code of Military Justice, 10 U.S.C. § 895.

with the appellant, counsel chose not to raise the jurisdiction issue.

Appellate defense counsel did not raise the jurisdiction issue on appeal, either before this Court or before the Court of Military Appeals, even though the existence of appellant's juvenile record was mentioned in the staff judge advocate's review and a detailed account of his criminal and mental difficulties was included in the record of trial.

At appellant's second court-martial at Fort Leavenworth, and in the initial assignment of error before this Court in that case, the jurisdictional error again was not raised. Only later did appellate defense counsel, by a supplemental assignment of error and a petition for extraordinary relief, raise the jurisdictional issue in both cases. We now turn to that issue.

█ Two firmly established principles of law confront us when we consider this issue. The first states that the question of jurisdiction may be raised at any time. Paragraph 68b(1), Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Garcia,* 5 U.S.C.M.A. 88, 17 C.M.R. 88 (1954). The second relates to finality of judgments and reflects the need to terminate litigation at some point. In this instance, the first conviction, having been reviewed by this Court and a petition for further review having been denied by the United States Court of Military Appeals, became final pursuant to Article 76, UCMJ, in January 1976. *Hendrix v. Warden,* 23 U.S.C.M.A. 227, 49 C.M.R. 146 (1974).

█ Exceptions have been carved out of the general rule regarding finality of judgments and appellant seeks to bring himself within one of those exceptions by way of extraordinary relief.[2] Such relief, as the name implies, is available only in exception-al circumstances. The United States Court of Military Appeals stated in *United States v. Frischholz,* 16 U.S.C.M.A. 150, 36 C.M.R. 306 (1966):

"*Coram Nobis* is not a substitute for an appeal. It is extraordinary relief predicated upon 'exceptional circumstances' not apparent to the court, in its original consideration of the case." 36 C.M.R. at 309.

█ In the instant case, appellant has presented no exceptional circumstances, and in our opinion none are available. The appellant and his counsel knew of the possibility of the jurisdictional question, and apparently thinking so little of its merits, chose not to raise it at the trial level, before this Court at the intermediate level, or before the Court of Military Appeals at the final appellate level. Appellate defense counsel may not now second guess the other counsel and try to raise the issue. He is asking for nothing more than another appeal, a process to which he is not entitled. *United States v. Myers,* 22 U.S.C.M.A. 582, 48 C.M.R. 176 (1974); *United States v. Frischholz, supra; United States v. Condon,* 3 M.J. 782 (A.C.M.R.1977). Thus, as the appellant has shown no exceptional circumstances for which this Court could consider his petition for extraordinary relief, the petition must be denied.

█ We turn now to the second court-martial wherein appellant has raised the jurisdictional issue on appeal.[3] The appellant, in an affidavit submitted in support of his supplemental assignment of error, states that he advised one of the recruiters of his juvenile record; and that he was told "not to worry about it; it will be taken care of . . ." and to check "no", in answer to the question of whether he had any felony convictions. There is also included in sup-

---

2. Another exception would be by writ of habeas corpus.

3. In addition to the void enlistment question, the appellant asserts that the court-martial had no jurisdiction over him, as he was civilian at the time of the offense. Appellant recognizes that no less an authority than the Supreme Court of the United States has upheld the juris-diction of courts-martial over discharged military prisoners (*Kahn v. Anderson,* 255 U.S. 1, 41 S.Ct. 224, 65 L.Ed. 469 (1921)), but he argues that later decisions by that Court indicate an absence of jurisdiction. We do not agree with the latter assertion and we decline to so rule.

port of the assigned error a copy of a seven page statement by an Army criminal investigator in Hawaii outlining appellant's juvenile record. This latter statement was included in the first court-martial record of trial and alluded to by the staff judge advocate in his post-trial review.

The Government has responded with affidavits from the defense counsel and the prosecutor in the first court-martial and from the four recruiters involved in appellant's enlistment; and with copies of appellant's enlistment documents. There is no dispute as to the existence of appellant's juvenile record which was a bar to his enlistment, and there is no question that this fact was not officially recorded in appellant's enlistment records. The only contention is whether appellant disclosed the disqualification to the recruiters.

The appellant argues that this Court may not decide this factual question upon which the jurisdictional issue rests, absent a stipulation as to the facts involved. He relies on a footnote in *United States v. McCarthy,* 2 M.J. 26, 28 n. 2 (C.M.A.1976), and repeated in *United States v. Alef,* 3 M.J. 414, 416–417, n. 6 (C.M.A.1977), as authority for the limitation on our factfinding powers. We are cognizant of the statements in the footnotes but we do not believe they were intended to or do proscribe our ability to make factual determinations on the jurisdiction question. *Cf. United States v. Triplett,* 21 U.S.C.M.A. 497, 45 C.M.R. 271 (1972); *United States v. Deadmon,* 3 M.J. 1003 (A.C.M.R.1977), *pet. denied,* 4 M.J. 149 (C.M.A.1977); *United States v. Condon,* 3 M.J. 782 (A.C.M.R.1977).

From our review of appellant's affidavit, the affidavits of the recruiters, the affidavits of the counsel at the first court-martial, and the records of trial in both cases, we conclude the issue of recruiter misconduct is not even raised. Appellant is completely unworthy of belief. We are convinced he lied in stating he brought his juvenile record to the attention of the recruiters. In the absence of recruiter misconduct or a coerced enlistment, we find no basis for extending the holdings of *United* *States v. Catlow,* 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974), or *United States v. Russo,* 1 M.J. 134 (C.M.A.1975), to this case. *Cf. United States v. Lightfoot,* 4 M.J. 262 (C.M.A.1978). We find the court-martial had jurisdiction. *In re Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); *United States v. Fialkowski,* 2 M.J. 858 (A.C.M.R. 1976); *United States v. Jessie,* 5 M.J. 573 (A.C.M.R.1978).

The Petition for Extraordinary Relief in the Nature of a Writ of Error Coram Nobis is denied.

The findings of guilty and the sentence for the offenses of escape from confinement and resisting apprehension are affirmed.

Judge MITCHELL and Judge DeFORD concur.