**UNITED STATES, Appellee,**

v.

**Private E–2 Bruce B. BACHAND, SSN 001–54–6366, United States Army, Appellant.**

**SPCM 18905.**

U.S. Army Court of Military Review.

16 Aug. 1983.

Major Robert C. Rhodes, JAGC, Major Lawrence F. Klar, JAGC, and Captain Clau-

dio F. Gnocchi, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Michael R. Smythers, JAGC, and Captain Richard J. Fadgen, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and WATKINS, Appellate Military Judges.

## OPINION OF THE COURT

MELNICK, Senior Judge:

Based on his pleas of guilty, appellant was convicted by a special court-martial authorized to impose a bad-conduct discharge of unauthorized absences from 4 March 1981 to 22 June 1981 and from 26 June 1981 to 9 November 1982. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, forfeiture of $382.00 pay per month for three months, and reduction to E-1. The convening authority approved the sentence.

At trial and before us, appellant, citing *United States v. Catlow,* 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974), argues that his enlistment was coerced and void.

The record of trial indicates that appellant enlisted on 23 April 1979 when he was 18 years old. He served without incident for almost a year. In February 1980, appellant received his first non-judicial punishment; thereafter he informally asked his company commander for a discharge on at least five occasions. A year later in March 1981, appellant absented himself without authority for the first time.

Additionally, appellant introduced the expected testimony of Mr. Bruce Fitzpatrick, an attorney practicing in Laconia, New Hampshire. Mr. Fitzpatrick had been a public defender in 1979 and had represented appellant when he was charged with burglary. The police prosecutor had approached Fitzpatrick and offered to reduce the charge to criminal trespass if appellant would join the Army for four years. Mr.

Fitzpatrick discussed the offer with appellant and apparently recommended accepting it, pointing out to appellant that he was in a lot of trouble and faced up to seven years in prison. Appellant ultimately agreed. At his hearing, the prosecutor informed the trial judge of the agreement, the defense agreed, and the trial judge accepted it, pointing out to appellant that he was lucky to have the opportunity to avoid prison by joining the Army. Mr. Fitzpatrick contacted a colonel in the Army Reserves for assistance in getting appellant on active duty.

Appellant testified to essentially the same facts, adding that the trial judge had said that he would be returned and prosecuted again if he did not complete his enlistment. After the hearing he went to the Army recruiter's office and in time was enlisted.

We find no merit in appellant's contention. We find that appellant's decision to enlist was voluntary. Assuming that some precedential weight still remains to *United States v. Catlow, supra,* after the amendments to Articles 2(b) and 2(c) of the Uniform Code of Military Justice, 10 U.S.C. § 802(b, c) in 1979, we believe it is not pertinent to this case. As this Court noted in *United States v. Boone,* 10 M.J. 715 (A.C. M.R.1981), aff'd, 15 M.J. 159, the fact that a soldier enlists reluctantly and to avoid jail does not make his enlistment void. This case is not like *United States v. Catlow, supra,* where an accused stood before a trial judge and was told he could enlist or be in indeterminate detention for five years. Here, the enlistment proposal was advanced to appellant by his attorney because he thought it in appellant's interest.* Appellant did not know the proposal was initiated by the prosecutor. Appellant's parents were nearby and supporting him. While the trial judge's comments described by appellant were somewhat harsh, they were not made until after appellant had agreed to enlist. On the whole, we believe that appellant made a conscious, knowing, volun-

---

\* We reject appellant's suggestion to us that Mr. Fitzpatrick's recommendations were suspect because he was a public defender paid by the state.

tary decision to enlist and escape the possibility of a prison sentence. The Court of Military Appeals refused to extend *Catlow* to similar facts in *United States v. Wagner,* 5 M.J. 461 (C.M.A.1978) and *United States v. Lightfoot,* 4 M.J. 262 (C.M.A.1978). We do the same here.

In any event, appellant entered into a constructive enlistment pursuant to Article 2(c) of the *Code* during the two years he served on active duty before his first unauthorized absence. His claim that he informally requested discharge after a year of uneventful service does not affect our view. We believe that he waited too long and that Article 2(c) created a constructive enlistment. Further, appellant's informal complaints were not enough. If Private Bachand really wished to protest his military service there were a variety of formal avenues available to him which he ignored.

We have considered appellant's claim that he continued on active duty only because of the trial judge's threat to sentence appellant to prison if he did not complete his enlistment. We have given that contention no weight as it did not deter appellant when he grew tired of the Army and decided to leave it.

We recognize that Article 2(c) did not become effective until some seven months after appellant's enlistment, but that does not raise any issue of retroactivity here as appellant continued to perform duties and receive pay and allowances for some fourteen months after it was enacted. He certainly is charged with knowing of the statute and the effect of his continuing service. *United States v. McDonagh,* 14 M.J. 415 (C.M.A.1983).

The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge WATKINS concur.