UNITED STATES, Appellee

v

JOHN G. TAVARES, Corporal, U. S. Army, Appellant

10 USCMA 282, 27 CMR 356

No. 10,214

Decided March 20, 1959

*First Lieutenant James G. Garner* argued the cause for Appellant, Accused. With him on the brief were *Colonel Edward M. O'Connell, Major Edward Fenig,* and *First Lieutenant David N. Gorman.*

*Major Thomas J. Nichols* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton, First Lieutenant William H. Keniry,* and *First Lieutenant Jay D. Fischer.*

## Opinion of the Court

HOMER FERGUSON, Judge:

Accused was found guilty of rape, in violation of Article 120, Uniform Code of Military Justice, 10 USC § 920, and sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for ten years. By way of stipulation, the testimony of a psychiatrist was received in mitigation. This testimony was to the effect that the psychiatrist had found the accused to be:

". . . [L]egally sane, i.e. he knows right from wrong and is able to adhere to the right, his moderately mixed-up condition is such that his ability to adhere to the right is partially impaired. . . . This opinion is based upon the fact that he has a schizoid personality. . . ."

On August 15, 1957, we denied the accused's petition for grant of review, after the board of review had, in the course of the appellate process, affirmed his conviction. The accused now moves for dismissal of the charge on the basis of insanity. This motion is predicated upon a finding of The Surgeon General to the effect:

"It is the opinion of The Surgeon General, however, that this prisoner was suffering from Schizophrenia at the time of the offense for which he was tried, convicted and confined, and that as a result of this illness he was not at the time of the offense, trial and appellate review so far free from mental disease, disorder or derangement as to be able to tell right from wrong, adhere to the right or intelligently cooperate in his own defense."

The Surgeon General's conclusion was directly opposed to that of the board of medical officers which examined the accused.

The accused labels his motion as being in the nature of a petition for a writ of *coram nobis.* This court has never had occasion to determine whether or not we have jurisdiction to entertain a writ of error *coram nobis,* nor do we find it necessary to do so now because, assuming without deciding that we have such authority,[1] this cases presents no grounds for invoking such extraordinary relief. Cf. United States v Buck, 9 USCMA 290, 26 CMR 70.

---

[1] This assumption actually encompasses several assumptions, one of which is that an appellate court plays some part where *coram nobis* relief is sought. Some jurisdictions hold that it is only the trial court wherein the conviction was had which may grant a writ of error *coram nobis.* Ernst v State,

The writ of error *coram nobis* is an extraordinary remedy. Mitchell v State, 179 Miss 814, 176 So ■ 743; see also 30A Am Jur, Judgments, § 734, et seq. It is reserved for the exceptional case.

No exceptional circumstances are present in the instant case. Counsel at trial were aware of the existence of the question of the sanity of this accused. Both parties entered into a stipulation, which was introduced in mitigation, to the effect that a psychiatrist had found the accused to have a schizoid personality although he was mentally responsible for the offense. Under these facts, the subsequent opinion of The Surgeon General based on the same evidence does not even constitute such newly discovered evidence as would warrant a new trial—much less sustain such an extraordinary remedy as *coram nobis*. This is not a case where there was no inkling of a question of sanity until after trial, but simply one where a later opinion is rendered contrary to an opinion entered at trial by way of stipulation of the parties.

One other point warrants mention here in view of the Government's contention that United States v Roland, 9 USCMA 401, 26 CMR 181, precludes us from considering the report of The Surgeon General. We said there that a report of The Surgeon General was not, as such, evidence but was used only for the purpose of determining if an issue was raised.

This brings us to the use we make of The Surgeon General's re- ■ port in the instant case. ■ In determining the substantiality of the claim where *coram nobis* relief is sought, an appellate court ordinarily does not decide the case on the merits. Proof of the claim, if it appears to have substantial basis and leave is granted to pursue the extraordinary remedy, usually must be made by competent evidence at the trial level. (See Footnote 1.) The only question now before this Court, and all that we presently decide is—assuming the accused can show by competent evidence what he alleges in support of his claim—has he shown enough to warrant pursuing the extraordinary remedy of *coram nobis*. In deciding that question, we now, as did the board of review in the *Roland* case, supra, consider The Surgeon General's report not as evidence proving the merits, but "only for the limited purpose of determining if the issue was raised."

As no sufficient ground has been presented justifying the extraordinary relief requested, the motion is denied.

Chief Judge QUINN concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

I would concur outright if it were not for the attempt of my associates to perpetuate the rule of United States v Roland, 9 USCMA 401, 26 CMR 181, Aside from my disagreement with the principle therein announced, I encounter great difficulty in ascertaining either why or how it is being applied in this case.

As I view our present problem, the accused has filed a motion to dismiss, and it is supported by an official report of The Surgeon General. The Government opposes the motion on the ground

179 Wisc 646, 192 NW 65. Other courts hold that where the appellate court has affirmed a judgment, leave must be sought in that court for permission to petition the trial court for relief. Taylor v Alabama, 335 US 252, 68 S Ct 1415, 92 L ed 1935; Strang v United States, 53 F 2d 820 (CA 5th Cir) (1931). In this area there is a further conflict over whether the writ lies after affirmance. See Smith v Buchanan, 291 Ky 44, 163 SW 2d 5, and cases cited in 30 ALR 1415. An appellate court which entertains the application for permission can require the accused to show the substantiality of his claim before granting leave to file in the trial court. Hysler v Florida, 315 US 411, 62 S Ct 688, 86 L ed 932. Our disposition of the instant case makes it unnecessary to choose among the authorities at this time. It should be noted also that additional problems might arise within the military sphere due to the lack of permanence of the court-martial and to the presence of a board of review with fact-finding powers.

that this Court has lost jurisdiction, and the writ of *coram nobis* is not available to the accused. With the pleadings in that posture, the facts made part of the motion are not in dispute. We, therefore, must accept them as true. But even when we give them full faith and credit, the accused is not entitled to the relief he seeks. When the entire record is considered, including the conclusion of The Surgeon General, we are merely confronted with a belated attempt of an accused to use a post-trial disagreement of psychiatrists touching on his mental condition at the times of the offense and trial as a springboard for an extraordinary writ. His insanity was an issue which was available to him at the time of the original hearing on the merits but was eliminated by a stipulation that he was mentally responsible and competent to stand trial. The reason for that concession will be readily understood when I relate his medical history. The crime was committed on October 21, 1956, and accused was tried on January 8, 1957. He had been examined by a psychiatrist during September, October, and November of 1956 and found to be legally sane. Accordingly, when he was tried all of the available evidence established that he was sane. However, at that time he was diagnosed by the psychiatrist as having a schizoid personality, and his condition was the subject of extensive exploitation on sentence. It was psychiatric evaluations thereafter which frame the issue with which we are now concerned. Accused was next medically examined at Fitzsimons General Hospital during February 1958. The examining psychiatrist there recommended his return to the United States Disciplinary Barracks at Fort Leavenworth, as he concluded the accused's symptoms had improved to the extent that he could be incarcerated. It was his opinion that the accused was sane at the time of the offense and trial although his ability to adhere to the right was partially impaired. On June 30, 1958, a board of three medical officers reached the same conclusion. Some two weeks later the records in the case were reviewed by The Surgeon General of the Army, and he was of the opinion the accused was legally insane during the period of time in which the offense was committed and the trial was held.

From the foregoing, it is abundantly clear that the accused seeks an extraordinary writ on the sole basis that one medical expert—whose opinion was latest in point of time and who, being without the opportunity of firsthand observation, apparently relied entirely on the case record—reaches a conclusion contrary to that of the other experts and the facts stipulated by the defense at trial. That sort of showing does not entitle the accused to the relief he prays we grant.

Accordingly, his motion should be denied.