UNITED STATES, Respondent

v

JAMES F. O'CALLAHAN (formerly Sergeant,
U. S. Army), Petitioner

16 USCMA 568, 37 CMR 188

No. 9,602

March 24, 1967

*Captain Paul V. Melodia* argued the cause for Petitioner. With him on the brief was *Colonel Daniel T. Ghent*.

*Captain Joel P. Schiff* argued the cause for Respondent. With him on the brief were *Colonel Peter S. Wondolowski* and *Lieutenant Colonel David Rarick*.

## Opinion of the Court

QUINN, Chief Judge:

This is an application for relief in the nature of *coram nobis*. See United States v Frischholz, 16 USCMA 150, 153, 36 CMR 306. The accused seeks to set aside a 1956 conviction for assault with intent to commit rape and other offenses, in violation of the Uniform Code of Military Justice. He contends he was deprived of due process of law by the admission in evidence of deposition testimony detrimental to him. The contention rests upon United States v Jacoby, 11 USCMA 428, 29 CMR 244, which was decided more than three years after this Court denied his direct appeal of the conviction. *Jacoby* determined that Article 49 of the Uniform Code, supra, 10 USC § 849, does not authorize the admission in evidence of deposition testimony, taken without the presence of the accused or his counsel; it overruled previous decisions to the contrary, which were in force at the time of the accused's trial.

Appellate Government counsel contend the present application concerns a question of law, not fact, and is, therefore, outside the scope of the collateral relief traditionally accorded by the writ of *coram nobis*. As they view the issue, it deals only with a change in decisional law, which is not a proper ground for collateral relief. See Warring v Colpoys, 122 F2d 642 (CA DC Cir) (1941), certiorari denied, 314 US 678, 86 L ed 543, 62 S Ct 184 (1941); Gaitan v United States, 317 F2d 494, 497 (CA 10th Cir) (1963). Appellate defense counsel maintain that *Jacoby's* reinterpretation of Article 49 was predicated upon the Sixth Amendment and, therefore, an issue of constitutional dimensions is presented, which can be vindicated only by retroactive application of the *Jacoby* decision. See Gideon v Wainwright, 372 US 335, 9 L ed 2d 799, 83 S Ct 792 (1963); cf. Johnson v New Jersey, 384 US 719, 16 L ed 2d 882, 86 S Ct 1772 (1966). We need not choose between the competing arguments.

The substance of the deposition testimony is to the effect that a man entered a penthouse apartment at the Reef Hotel, in Honolulu, and assaulted the occupant, a fourteen-year-old girl, while she was in bed. There is an abundance of other competent evidence of the entry and assault to establish the *corpus* of the offenses charged. Thus, a roommate of the accused testified he was at the hotel with the accused. They went to a balcony adjacent to the girl's room and watched her while she slept. The witness departed when the accused tried to get him to join in effecting an entry into the girl's room. He stated that the accused "tried to convince . . . [him] that . . . [they] could go in and have intercourse with the girl and not get caught." The accused expressed a determination to have sexual intercourse, and insisted that "one . . . could hold her while the other had intercourse." Almost immediately after the victim was heard screaming, the accused was observed "jumping from ledge to ledge" of the balcony on each floor to reach ground level. He was apprehended by the security officer of the hotel, and brought back to the victim's room. The security officer testified that at the time the girl was "hysterical," and she "was in very bad condition." Her "face was swollen and beat pretty hard"; and her "wrists were all marked up" as though she "had been bound." The accused's identity as the intruder and assailant was established by a voluntary confession, admitted in evidence without defense objection. On the record, the accused's guilt was proved beyond a reasonable doubt by evidence other than the depositions and the use of the latter was not prejudicial to him. There is, therefore, no justification whatever to grant extraordinary relief. United States v Tavares, 10 USCMA 282, 27 CMR 356.

The petition is denied.

Judges FERGUSON and KILDAY concur.