98

UNITED STATES NAVY–MARINE CORPS COURT OF MILITARY REVIEW, Petitioner,

v.

The Honorable Richard B. CHENEY, Secretary of Defense; June Gibbs Brown, Inspector General, Department of Defense; and Rear Admiral Everette D. Stumbaugh, U.S. Navy, The Judge Advocate General of the Navy, Respondents.

Misc. No. 88–31.

U.S. Court of Military Appeals.

Sept. 25, 1989.

For the Applicant: *Stephen W. Preston,* Esq. (argued); *Deanne C. Siemer,* Esq. and *Patrick J. Carome,* Esq. (on brief).

For Respondents: *Harriet Kerwin,* Esq. (argued); *John R. Bolton,* Esq. and *Vincent M. Garvey,* Esq.—Department of Justice (on brief); *Leigh A. Bradley,* Esq. and *Commander Ronald W. Scholz,* JAGC, USN (of counsel).

*Opinion of the Court*

*On Motion to Dismiss Application for Fees and Other Expenses Under the Equal Access to Justice Act*

SULLIVAN, Judge:

On July 22, 1988, this Court issued its decision in *United States Navy–Marine Corps Court of Military Review (hereafter CMR) v. Carlucci,* 26 MJ 328 (CMA 1988). On September 12, 1988, the Solicitor General filed with the Supreme Court an application for an extension of time within which to file a petition for writ of certiorari in the above case. *See* Art. 67(h), Uniform Code of Military Justice, 10 USC § 867(h). An order was issued that same day by the Chief Justice of the United States extending the time to file such petition to October 20, 1988. That day passed without any filing by the Solicitor General and, accordingly, our decision in the above-cited case is now final. Art. 76, UCMJ, 10 USC § 876.

On November 18, 1988, civilian counsel for petitioner in the above case (hereinafter denominated the applicant) filed with this Court an "Application for Fees and Other Expenses" under the Equal Access to Justice Act (EAJA), 28 USC § 2412(d), and Rule 30 of the United States Court of Mili-

tary Appeals Rules of Practice and Procedure. Counsel from the law firm of Wilmer, Cutler and Pickering, Washington, D.C., requested an award of $90,701.50 in attorney fees and $4,289.33 in out-of-pocket expenses. On January 27, 1989, the Department of Justice, representing the Secretary of Defense, the Inspector General of the Department of Defense, and the Judge Advocate General of the Navy (respondents) moved this Court to dismiss this application submitted under the EAJA. Two reasons were proffered for this motion: a lack of subject-matter jurisdiction in this Court to resolve this claim, and a failure of the applicant to state a claim cognizable under the Act. On March 7, 1989, the Department of Justice further moved this Court, pursuant to Rules 30 and 36 of this Court's Rules of Practice and Procedure, for leave to file a reply brief and to issue a scheduling order in this case. On March 16, 1989, this Court ordered oral argument on respondents' motions to take place on April 21, 1989. Later on March 22, 1989, this Court granted respondents' latter motions to the extent they sought leave to file a brief in reply to applicant's opposition to their pending motion to dismiss the fee application. Also, the Honorable Richard B. Cheney, the present Secretary of Defense, was substituted as a party vice the Honorable Frank C. Carlucci, III, at that time.

-----

Respondents assert that the United States Court of Military Appeals has no jurisdiction to award attorney fees and expenses under 28 USC § 2412. They also assert that the applicant has failed to state a claim under this Act because the applied-for attorney fees and costs were not incurred in a "civil action." *See* 28 USC § 2412(d)(1)(A). Finally, they assert that neither the United States Navy–Marine Corps Court of Military Review nor its counsel is a proper "party" to bring this application under EAJA. We hold that the applicant has failed to state a claim under this statute because the requested attorney fees and expenses were not incurred in a "civil action." *See In Re Grand Jury Sub-*

*poena Duces Tecum Dated January 2, 1985,* 775 F.2d 499 (2d Cir.1985).

Applicant rests the claim for attorney fees and other costs on 28 USC § 2412(d)(1)(A). This is a section from the Equal Access to Justice Act, which provides in its entirety:

§ 2412. Costs and fees

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

(c)(1) Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for costs pursuant to subsection (a) shall be paid as provided in sections 2414 and 2517 of this title and shall be in addition to any relief provided in the judgment.

(2) Any judgment against the United States or any agency and any official of the United States acting in his or her official capacity for fees and expenses of attorneys pursuant to subsection (b) shall be paid as provided in sections 2414 and 2517 of this title, except that if the basis for the award is a finding that the United States acted in bad faith, then the award shall be paid by any agency found to have acted in bad faith and shall be in addition to any relief provided in the judgment.

(d)(1)(A) Except as otherwise specifically provided by statute, *a court* shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party *in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action,* brought by or against the United States *in any court having jurisdiction of that action,* unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses are computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

(C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

(2) For the purposes of this subsection—

(A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.);

(B) "party" means (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. § 501(c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agri-

cultural Marketing Act (12 U.S.C. § 1141j(a)), may be a party regardless of the net worth of such organization or cooperative association;

(C) "United States" includes any agency and any official of the United States acting in his or her official capacity;

(D) "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based; except that fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings;

(E) "civil action brought by or against the United States" includes an appeal by a party, other than the United States, from a decision of a contracting officer rendered pursuant to a disputes clause in a contract with the Government or pursuant to the Contract Disputes Act of 1978;

(F) *"court" includes the United States Claims Court;*

(G) "final judgment" means a judgment that is final and not appealable, and includes an order of settlement; and

(H) "prevailing party", in the case of eminent domain proceedings, means a party who obtains a final judgment (other than by settlement), exclusive of interest, the amount of which is at least as close to the highest valuation of the property involved that is attested to at trial on behalf of the property owner as it is to the highest valuation of the property involved that is attested to at trial on behalf of the Government.

(3) In awarding fees and other expenses under this subsection to a prevailing party in any action for judicial review of an adversary adjudication, as defined in subsection (b)(1)(C) of section 504 of title 5, United States Code, or an adversary adjudication subject to the Contract Disputes Act of 1978, the court shall include in that award fees and other expenses to

the same extent authorized in subsection (a) of such section, unless the court finds that during such adversary adjudication the position of the United States was substantially justified, or that special circumstances make an award unjust.

(4) Fees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise.

(5) The Director of the Administrative Office of the United States Courts shall include in the annual report prepared pursuant to section 604 of this title, the amount of fees and other expenses awarded during the preceding fiscal year pursuant to this subsection. The report shall describe the number, nature, and amount of the awards,the claims involved in the controversy, and any other relevant information which may aid the Congress in evaluating the scope and impact of such awards.

(e) The provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies (determined without regard to subsections (b) and (f) of such section). Nothing in the preceding sentence shall prevent the awarding under subsection (a) of section 2412 of title 28, United States Code, of costs enumerated in section 1920 of such title (as in effect on October 1, 1981).

(f) If the United States appeals an award of costs or fees and other expenses made against the United States under this section and the award is affirmed in whole or in part, interest shall be paid on the amount of the award as affirmed. Such interest shall be computed as the rate determined under section 1961(a) of this title, and shall run from the date of the award through the day before the date of the mandate of affirmance.

(Emphasis added.)

▮ The first question we will address is whether the United States Court of Mili-

tary Appeals has jurisdiction to award attorney fees and expenses under EAJA. Respondents argue that this Act only authorizes or empowers Article III courts to make such an award. *See Bowen v. Commissioner*, 706 F.2d 1087 (11th Cir.1983); *McQuiston v. C.I.R.*, 78 T.C. 807, 810–11 (1982), *aff'd*, 711 F.2d 1064 (9th Cir.1983). *See generally* Nobile, *Determining Fees For Fees Under Equal Access to Justice Act: Accomplishing the Act's Goals*, 9 Cardozo L.Rev. 1091, 1093 n. 9 (1988). Accordingly, they urge this Court to dismiss this application on the basis of our lack of subject matter jurisdiction. *See generally* 2A *Moore's Federal Practice* § 12.07 [2.–1] (2d ed. 1989).

Close examination of 28 USC § 2412 reveals no express reference to the Article of the Constitution under which the court awarding fees must be established. The critical language in subsection (d)(1)(A) of this Act, the provision upon which the applicant relies, states simply "a court." *Cf. United States v. Hood*, 101 Nev. 201, 699 P.2d 98, 100 (1985). Respondents' reference to an isolated passage early in the legislative history of this act citing 28 USC § 451 is not persuasive. After all, Congress was more than capable of using the term "Article III court" or "Court of the United States" and was well aware of the latter's definitional source in 28 USC § 451. *See United States v. Frischholz*, 16 USC-MA 150, 152, 36 CMR 306, 308 (1966); *e.g.*, 26 USC § 7430; 28 USC §§ 1783–84 and 1920. Its failure to employ a more narrow term in the statute seriously undermines respondents' jurisdictional attack. *See Essex Electro Engineers, Inc. v. United States*, 757 F.2d 247, 251 (Fed.Cir.1985); *Bailey v. United States*, 1 Cl.Ct. 69, 72, *vacated in part on other grounds*, 721 F.2d 357 (Fed.Cir.1983); *United States v. Hood, supra*.

■ The addition of subsection (d)(2)(F) in 1985, however, does give us some pause in this regard. It said " 'court' includes the United States Claims Court." Respondents pointedly argue that this language would not be needed if the term "a court" found in subsection (d)(1)(A) was intended to be all inclusive. Review of the legislative history reveals the addition of subsection (d)(2)(F) "clarifies the jurisdictional issue and codifies existing law." H.R.Rep. No. 120, 99th Cong., 1st Sess. pt. 1 at 18, *reprinted in* 1985 U.S.CODE CONG. & ADMIN.NEWS 132, 146; *see generally* S.Rep. No. 586, 98th Cong., 2d Sess. 19 (1984). Specific citation was made to *Bailey v. United States, supra*, and *Ellis v. United States*, 711 F.2d 1571 (Fed.Cir.1983). Admittedly *Bailey* and *Ellis* are transitional cases in the sense that they dealt with underlying actions begun in the United States Court of Claims, an Article III court, *see* 28 U.S.Code § 171, Amendments, at 82 (1982 ed.), and finally resolved in the United States Claims Court, an Article I court. Nevertheless, the above legislative report was issued on May 15, 1985, at a time when the United States Claims Court had long been established as an Article I court, and subsection (d)(2)(F) had not yet been included in the EAJA. Moreover, the Eleventh Circuit rejected an argument similar to respondents' in the recent decision of *Jean v. Nelson*, 863 F.2d 759, 777 (11th Cir.1988). It said,

The government argues that these terms must be given a limited construction since the EAJA represents a waiver of the United States' sovereign immunity. The problem with this interpretation is that "fees" and "expenses" are defined in the Act by example, rather than by limitation. *In this regard, we agree with the following observations by Chief Judge Alaimo of the Southern District of Georgia:*

Turning ... to the structure of the definitions contained in the EAJA, it appears that where the drafters used the word "includes" they intended to provide a *non-exhaustive* list of examples to clarify the meaning of the term. For example, § 2412(d)(2)(G) [sic] provides that " 'court' *includes* the United States Claims Court," (yet that section may not be interpreted to mean

that *this* Court would not meet the statutory definition); likewise, in § 2412(d)(2)(C), " 'United States' *includes* any agency and any official of the United States acting in his or her official capacity." Where Congress intended a more exclusive definition, it used the word "means," as in § 2412(d)(2)(B), Where [sic] "party" *means* an individual with the appropriate net worth. Several circuits have construed "fees and other expenses" to encompass "costs that are ordinarily billed to a client." *International Woodworkers of America v. Donovan,* 769 F.2d 1388, 1392 (9th Cir.1985) [*opinion amended,* 792 F.2d 762 (9th Cir.1985)]; *Aston v. Secretary of Health and Human Services,* 808 F.2d 9, 12 (2d Cir.1986). The Court agrees with the conclusion of these cases that the list of expenses provided in § 2412(d)(2)(A) was not meant to be all-inclusive.

*City of Brunswick v. United States,* 661 F.Supp. 1431, 1444–45 (S.D.Ga.1987) (emphasis in original), *rev'd on other grounds,* 849 F.2d 501 (11th Cir.1988). (First emphasis added.) Since the word "includes" is not a word of limitation, respondents' second jurisdictional attack also fails. Accordingly, we hold that the United States Court of Military Appeals is "a court" for purposes of this Act.*

■ The second basis posited by respondents for dismissal of this application for fees and expenses is that such expenditures were not incurred in a "civil action" as required by EAJA. They note that the United States, as sovereign, is not liable for costs unless specific provisions for such liability is made by law. *See United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 268 n. 42, 95 S.Ct. 1612,

1627 n. 42, 44 L.Ed.2d 141 (1975). Then they argue that EAJA creates such a waiver of liability only in certain "civil action[s]" involving the Government which do not include petitions for extraordinary relief in the military justice system. Strictly construing this waiver in favor of the sovereign, as we must, we agree. *See generally Library of Congress v. Shaw,* 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Owens v. Brock,* 860 F.2d 1363, 1366 (6th Cir.1988).

Initially, we note that the legal action for which attorney fees and expenses are sought in this application was a petition for extraordinary relief in the nature of an injunction against certain officers or officials of the United States. *See generally Sullivan v. Hudson,* —— U.S. ——, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1989); *Boudin v. Thomas,* 732 F.2d 1107, 1114–15 (2d Cir.1984). Moreover, as pointed out by the applicant, the respondents maintained at an early point in those proceedings that the above action was a "civil cause of action" not within the jurisdiction of this Court. Finally, we are well aware that some might construe our action on the above petition as judicial review of the decision of the Secretary of Defense, the Inspector General, or the Judge Advocate General to investigate the anonymous telephone complaint against the judges and staff of the court below. *Id.* at 1114–15. None of these facts or arguments, however, persuades us that the case of *CMR v. Carlucci, supra,* was a "civil action" within the meaning of subsection (d)(1)(A), EAJA.

In this regard, our heavy reliance on the decision of the Court of Appeals for the Second Circuit in *In Re Grand Jury Subpoena Duces Tecum Dated January 2, 1985, supra,* cannot be gainsaid. There, the Court stated with respect to § 2412(a) of EAJA:

> United States Court of Military Appeals, as a Federal Article I Court, is to be protected from Executive encroachment in the same manner as any Article III Court.

---

* In their areas of jurisdiction, all Federal courts, whether Article I or III, are to be accorded equal deference. For example, the court in *Mundy v. Weinberger,* 554 F.Supp. 811, 824 (D.D.C.1983), held that the judicial power of the

The essential point is that, as our opinion on the merits shows, the controversy on the present appeal was basically criminal in nature. The broad distinction made in § 2412(a) was between the civil and the criminal worlds: Congress did not intend the statute to be so expanded as to include collateral matters arising from criminal trials or from grand jury investigations preceding them.

775 F.2d at 502. We believe this same approach should be followed with respect to § 2412(d) of EAJA and in the present case. *See Ewing v. Rodgers,* 826 F.2d 967 (10th Cir.1987); *Boudin v. Thomas, supra.*

Examination of the decision of this Court in *CMR v. Carlucci, supra,* makes clear its essentially criminal nature or its substantial relationship to criminal proceedings. First, the underlying action in that case was a petition for extraordinary relief filed in this Court under the All Writs Act, 28 USC § 1651(a). *See Noyd v. Bond,* 395 U.S. 683, 695 n. 7, 89 S.Ct. 1876, 1883 n. 7, 23 L.Ed.2d 631 (1969). It was an action expressly taken by this Court on the basis of "potential appellate jurisdiction" (*see CMR v. Carlucci, supra* at 333) over the possible court-martial of the CMR's judges or its staff which clearly would be criminal proceedings. *See Parisi v. Davidson,* 405 U.S. 34, 42–44, 92 S.Ct. 815, 820–21, 31 L.Ed.2d 17 (1972). Second, the challenged investigation in the underlying action concerned the process of appellate review of the court-martial of *United States v. Billig,* 26 MJ 744 (NMCMR 1988), also a criminal proceeding. *Id.* Third, no authority has been presented showing why this Court is bound by the earlier assertion of counsel for respondents that this was a "civil action," and respondents themselves should not be so bound once a definitive judgment rejecting their position has been issued. Finally, our previous opinion clearly indicates that we were not reviewing the decision of the Department of Defense or the Inspector General to order this investigation but instead were fulfilling our own statutory responsibility to protect the independence and impartiality of military tribunals. *CMR v. Carlucci, supra* at 332; *see* Art. 67. Accordingly, we conclude that the underlying action which is the basis for this fee application was not a "civil action" within the meaning of § 2412(d)(1)(A), EAJA.

The respondents' motion to dismiss the application for attorney's fees and expenses is granted.

Judge COX concurs.

Chief Judge EVERETT did not participate.