# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

————————————

### No. 201300257

————————————

### LUIJI R. PIERRE

Petitioner

v.

### UNITED STATES OF AMERICA

Respondent

————————————

Review of Petition for Extraordinary Relief in the Nature of a Writ
of Error *Coram Nobis*

For Petitioner:  Commander Brian L. Mizer, JAGC, USN.

For Respondent: Captain Brian L. Farrell, USMC; Lieutenant
Megan P. Marinos, JAGC, USN.

————————————

Decided 8 March 2018

————————————

Before MARKS, JONES, and WOODARD, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as
persuasive authority under NMCCA Rule of Practice and Procedure
18.2.**

————————————

WOODARD, Judge:

Petitioner, a former service member, seeks extraordinary relief from this
court in the nature of a writ of error *coram nobis* under the All Writs Act, 28
U.S.C. § 1651(a). The petitioner avers that—in light of the Court of Appeals
for the Armed Forces' (CAAF) decision in *United States v. Hills*, 75 M.J. 350
(C.A.A.F. 2016)[1]—his conviction was obtained through the use of

———————————

[1] In *Hills*, the CAAF held that it was error for the finder of fact to consider
evidence of the accused's commission of one charged sexual assault offense as

unconstitutional propensity evidence, and due process requires that he be given a new trial.[2] He claims *Hills* should apply retroactively to his case on collateral review because *Hills* did not announce a new rule of criminal procedure, but was applying an old law to new facts.[3] Alternatively, he asks that we order that his case be docketed for review pursuant to Article 66, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866 (2016).[4]

We find that the petitioner has not established a clear and indisputable right to the relief requested. Accordingly, the petition for a writ of error *coram nobis* is denied.

## I. BACKGROUND

In February 2013, a military judge sitting as a general court-martial convicted the petitioner, contrary to his pleas, of two specifications of aggravated sexual assault and one specification of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920.[5] He was sentenced to eight years' confinement, total forfeitures, reduction to paygrade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged and, with the exception of the dishonorable discharge, ordered it executed.

On direct appeal, after considering the assignment of errors raised on the petitioner's behalf by his appellate defense counsel—none of which addressed Military Rule of Evidence 413 issues—and conducting our own review under Articles 59(a) and 66(c), UCMJ, we affirmed the findings and sentence. *United States v. Pierre*, No. 201300257, 2014 CCA LEXIS 708, unpublished op. (N-M. Ct. Crim. App. 23 Sep 2014) (per curiam). The petitioner sought review of his case at the CAAF, which was denied. *United States v. Pierre*, 74 M.J. 351 (C.A.A.F. 2015). On 1 May 2015, a final court-martial order

---

evidence of an accused's propensity to commit another sexual assault, pursuant to MILITARY RULE OF EVIDENCE 413, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.), if the alleged sexual assaults are charged at the same court-martial and the accused has pled not guilty. *Hills*, 75 M.J. at 356. In *United States v. Hukill*, 76 M.J. 219 (C.A.A.F 2017), the CAAF clarified that "under *Hills*, the use of evidence of charged conduct as [MIL. R. EVID.] 413 propensity evidence for other charged conduct in the same case is error, regardless of the forum, the number of victims, or whether the events are connected." *Id*. at 222.

[2] Petition of 8 Aug 2017 at 1-2.

[3] Petitioner's Reply Brief of 24 Aug 2017 at 4.

[4] Petition at 16.

[5] The aggraved assaults occurred before 28 June 2012, in violation of 10 U.S.C. § 920 (2006). The abusive sexual contact occurred after 29 June 2012, in violation of 10 U.S.C. § 920 (2012).

executed the dishonorable discharge.[6] Consequently, there is a final judgment as to the legality of the proceedings, all portions of the sentence have been ordered executed under Article 71(c)(1), UCMJ, and the case is final under Article 76, UCMJ.

The CAAF decided *Hills* on 27 June 2016.[7] The petitioner filed his petition on 8 August 2017.

## II. DISCUSSION

### A. Jurisdiction

The All Writs Act states that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). *See also United States v. Denedo*, 556 U.S. 904, 911 (2009); RULE FOR COURTS-MARTIAL (R.C.M.) 1203(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Discussion. "'[M]ilitary courts, like Article III tribunals, are empowered to issue extraordinary writs under the All Writs Act.'" *LRM v. Kastenberg*, 72 M.J. 364, 367 (C.A.A.F. 2013) (quoting *Denedo*, 556 U.S. at 911) (alteration in original). However, the All Writs Act does not serve as "an independent grant of jurisdiction, nor does it expand [our] existing statutory jurisdiction." *Id.* (citation omitted).

In considering the petitioner's prayer for relief we must be mindful that "judgment finality is not to be lightly cast aside;" and we must be cautious and grant extraordinary writ relief only in "extreme cases." *Denedo*, 556 U.S. at 916. The petitioner must establish a "clear and indisputable right to the requested relief." *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008) (citing *Cheney v. United States Dist. Court,* 542 U.S. 367, 381 (2004)).

### B. Writ of error *coram nobis*

The petitioner seeks *coram nobis* relief. A writ of error *coram nobis* is extraordinary relief available only under exceptional circumstances where an error is based upon facts that were not apparent to the court during the original consideration of the case and that may change the result. *United States v. Frischholz*, 36 C.M.R. 306, 309 (C.M.A. 1966). The alleged factual errors must be "of the most fundamental character, that is, such as rendered

---

[6] General Court-Martial Supplemental Order No. LTP15-0110 of 1 May 2015.

[7] We acknowledge that if the petitioner's case were to come before us today on direct review, we would be bound by our superior court's holdings in *Hills*, as further clarified in *Hukill*.

the proceeding itself irregular and invalid." *United States v. Morgan*, 346 U.S. 502, 509 n.15 (1954) (citations and internal quotation marks omitted). The Supreme Court has declared that writs of *coram nobis* may be issued by Article I courts to correct factual and legal errors of the most fundamental character. *Denedo*, 556 U.S. at 911.

In *Denedo*, the CAAF adopted the two-tiered approach used by Article III courts for evaluating claims raised by a writ of *coram nobis*. *Denedo*, 66 M.J. at 126. First, the petitioner must satisfy the following six stringent threshold requirements:

> (1) The alleged error is of the most fundamental character;

> (2) no remedy other than *coram nobis* is available to rectify the consequences of the error;

> (3) valid reasons exist for not seeking relief earlier;

> (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment;

> (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and

> (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Id*. Only if the petitioner satisfies all six threshold requirements do we then turn to the second tier, the evaluation of the petitioner's claim of factual or fundamental legal error. *Id*.

In addressing the petitioner's claim for relief, for ease of discussion we will first address his current confinement status (requirement six), then whether he has any alternative remedies available (requirement two), and last whether he has presented any new information which we can properly consider (requirement four).

As the petitioner is still serving his adjudged confinement sentence, we find that the petitioner's sentence has not been served (requirement six). Because the petitioner is still serving his sentence to confinement, we find that the petitioner has available to him the remedy of *habeas corpus* (requirement two). Finally, even if the petitioner *had* completed his sentence and therefore could not seek *habeas corpus* relief, because *Hills* announced a new rule of criminal procedure that does not apply retroactively, we also conclude that the petitioner has not presented any new information we can properly consider in order to grant *coram nobis* review (requirement four). *Burleson v. United States*, __M.J.__, No. 200700143, 2018 CCA LEXIS 87, *29 (N-M. Ct. Crim. App. 26 Feb 2018).

### 1. *The petitioner's sentence has not been served (requirement six)*

The petitioner's sentence of 6 February 2013 included a term of confinement for eight years. Although the petitioner was credited with 160 days of pretrial confinement credit, the petitioner has not yet completed serving his sentence to confinement.[8] Thus, the petitioner fails to satisfy the sixth *Denedo* threshold requirement.

### 2. *The petitioner has an alternative remedy (requirement two)*

When a petitioner "is still in confinement, coram nobis relief is unavailable." *United States v. Gray*, 77 M.J. 5, 6 (C.A.A.F. 2017) (citing *Loving v. United States*, 62 M.J. 235, 254 (C.A.A.F. 2005)). If a petitioner "has a remedy other than coram nobis to rectify the consequences of the alleged errors, namely a writ of habeas corpus in the Article III courts: 'an extraordinary remedy [such as coram nobis] may not issue when alternative remedies, such as habeas corpus, are available.'" *Id.* (quoting *Denedo*, 556 U.S. at 911) (modification in original). Because the petitioner is still serving his sentence to confinement he may seek *habeas corpus* relief. Thus, the petitioner fails to satisfy the second *Denedo* threshold requirement.

### 3. *No new information because Hills does not apply retroactively (requirement four)*

Even assuming, *arguendo*, that the petitioner had completed his sentence to confinement, the petitioner still fails to provide any new information which we can properly consider. We concede that the new information presented in the petition—the *Hills* decision—could not have been discovered through the exercise of reasonable diligence prior to his judgment. However, because *Hills* announced a new rule of criminal procedure that does not apply retroactively to his case, the petitioner cannot claim its benefit, and we cannot consider this new information to grant *coram nobis* review. *Burleson*, 2018 CCA LEXIS 87, at *29. Thus, he also fails to meet the fourth *Denedo* threshold requirement.

Having concluded that the petitioner is still in confinement serving his sentence and therefore has the alternative remedy of a *habeas corpus* petition available, and observing that *Hills* announced a new rule of criminal procedure that does not apply retroactively to the petitioner's case, we find that the petitioner has failed to satisfy the *Denedo* requirements for *coram nobis* review.

---

[8] The petitioner acknowledged that he was still serving his sentence to confinement when his petition was filed. Petition at 11.

### III. CONCLUSION

The Petition for Extraordinary Relief in the Nature of a Writ of Error *Coram Nobis* is denied as is the alternative relief requested.

Senior Judge MARKS and Judge JONES concur.

For the Court

R.H. TROIDL
Clerk of Court