■ The People of the State of New York, Respondent, v Wendel Elcock, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lentol, J.), rendered September 7, 1978, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Our review of the evidence adduced at the *Wade* hearing indicates that neither the photographic array nor the lineup were suggestive. We note that the detective's remark to a complaining witness that "We have someone in the office that I want you to look at" was not improper *(see, People v Warner,* 125 AD2d 430).

Viewing the evidence adduced at the trial in the light most favorable to the People, which included identifications of the defendant by two complaining witnesses, we find that the evidence is sufficient as a matter of law to support the defendant's convictions of the crimes charged. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence was of sufficient quantity and quality to establish the defendant's guilt beyond a reasonable doubt.

Although several of the remarks made by the prosecutor in his summation were better left unsaid, the defendant was not deprived of a fair trial.

Defense counsel failed to request an alibi charge or except to the lack thereof, and thus this issue is not preserved for our review. Given the strong evidence of the defendant's guilt, and that the trial court's instructions, when taken as a whole, properly instructed the jury that the People bore the burden of proof as to the complicity of the defendant in the charged

crimes, we decline to reach this issue in the interest of justice *(see, People v Perez,* 127 AD2d 707).

The defendant's other contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.