Orval W. TAYLOR, Petitioner–Appellant,

v.

Steve HARGETT; Attorney General of the State of Oklahoma, Respondents–Appellees.

No. 92–6389.

United States Court of Appeals, Tenth Circuit.

June 20, 1994.

Orval W. Taylor, pro se, and David Booth of R. Thomas Seymour, Attorneys, Tulsa, OK, on supplemental brief, for petitioner-appellant.

Susan B. Loving, Atty. Gen., of Oklahoma, Jennifer B. Miller, Asst. Atty. Gen., Oklahoma City, OK, for respondents-appellees.

Before LOGAN, BRORBY, and EBEL, Circuit Judges.

PER CURIAM.

Petitioner filed a habeas petition in federal court seeking relief from delays associated with prosecuting his direct criminal appeal before the Oklahoma Court of Criminal Appeals. The district court granted petitioner relief on his claim for ineffective assistance of counsel by ordering the State to appoint new counsel for petitioner and to expedite briefing of his appeal. The district court otherwise denied petitioner's claim for habeas relief.

On appeal, petitioner argues that the relief the district court granted on his ineffective assistance claim was inadequate, that the district court should have excused his failure to exhaust and addressed his underlying claims on the merits, and that the district court erred in determining that petitioner failed to establish a claim for denial of due process based on delay in adjudicating his direct criminal appeal. After careful review, we affirm the district court's rulings.[1]

In October 1988, petitioner was sentenced in state court to a term of twenty-five years after conviction by a jury of unlawful possession of methamphetamine. Petitioner was represented through sentencing by appointed counsel, who filed a notice of appeal on petitioner's behalf, but neglected to file an application to have counsel appointed to represent petitioner on appeal. In January 1989, the Oklahoma Court of Criminal Appeals granted petitioner leave to pursue an appeal out of time.

The Oklahoma Indigent Defense System (OIDS), which was appointed to represent petitioner on appeal, filed a petition in error on petitioner's behalf on July 19, 1989. The OIDS subsequently obtained first a 90–day extension and then a 180–day extension of time in which to file a brief on petitioner's behalf. Thus, petitioner's brief was not due until June 18, 1990.

Fearing that petitioner's appeal would be delayed indefinitely if left in the hands of the OIDS, petitioner's mother borrowed money with which to hire an attorney. On March 2, 1990, Sam Houston, Esq. entered his appearance on behalf of petitioner, and on March 13, the Oklahoma Court of Criminal Appeals dismissed the OIDS from its representation. Houston, unfortunately, failed to take any action on petitioner's case. Nonetheless, he allegedly represented to petitioner that a brief had been filed on his behalf.

On October 2, 1991, petitioner discovered through inquiries to the court that no brief

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

had yet been filed on his behalf. On October 31, petitioner filed a motion with the Oklahoma Court of Criminal Appeals reciting Houston's failures and misrepresentations, asking that Houston withdraw as petitioner's counsel, and requesting that the court grant him additional time in which to find new counsel and file a brief. On March 5, 1992, the Oklahoma Court of Criminal Appeals entered an order dismissing Houston as counsel, and granting petitioner an additional ninety days in which to file a brief. Petitioner, who was not able to find any other counsel, filed a pro se brief on April 22, 1992.

Meanwhile, petitioner filed a federal habeas petition on March 20, 1992, alleging that he had been deprived of due process and had been denied effective assistance of counsel due to delays in briefing his direct criminal appeal. Petitioner subsequently amended his petition to add habeas claims unrelated to delay. The State responded by filing a motion to dismiss for failure to exhaust, arguing that the delay associated with petitioner's direct appeal was the fault of retained counsel and, therefore, was attributable to petitioner, not to the State. While acknowledging that petitioner received ineffective assistance of counsel on appeal, the State contended that petitioner was not prejudiced by counsel's ineffectiveness because the Oklahoma Court of Criminal Appeals gave him an additional ninety days in which to secure new counsel and file a brief.

The district court, which adopted the report and recommendation of the magistrate judge, concluded that petitioner had not suffered a due process violation and that exhaustion should not be excused. After further concluding that petitioner had been denied effective assistance of counsel, however, and that the Oklahoma Court of Criminal Appeals's grant of additional time in which to find new counsel and file a brief was not an effective remedy, the district court ordered the State to appoint counsel for petitioner if he wished and to direct counsel to file an appellate brief within sixty days of his or her appointment. Four months later, the State finally appointed the OIDS to represent petitioner in his direct criminal appeal. The OIDS filed a brief on petitioner's behalf on April 23, 1993.

■ Our disposition of this case is governed, in part, by our decision in *Harris v. Champion*, 15 F.3d 1538 (10th Cir.1994). Turning first to the issue of exhaustion, we note that "the state appellate process should be presumed to be ineffective and, therefore, exhaustion should presumptively be excused, when a petitioner's direct criminal appeal has been pending for two years without resolution absent a constitutionally sufficient justification by the State." *Id.* at 1556.

The only justification the State offered for the delay in adjudicating petitioner's appeal was retained counsel's failure to file an appellate brief. Counsel's failure accounted for only eighteen months of the delay, however. By the time petitioner filed his habeas petition, thirty-two months had passed since the petition in error had been filed, and by the time the district court entered its order, an additional seven months had passed. Therefore, even if eighteen months of the delay were justified, more than two years of unjustified delay passed without petitioner's appeal being adjudicated. Under the circumstances, excusing petitioner's failure to exhaust would have been appropriate. As we discussed in *Harris*, however, "proceeding directly to the merits of a petitioner's claims after excusing exhaustion may not be the preferred course of action, or even an effective one." *Id.* at 1557.

■ We next consider, then, whether the delay in adjudicating petitioner's appeal also gave rise to an independent due process claim. *See id.* This inquiry requires us to balance the following factors:

a. the length of the delay;

b. the reason for the delay and whether that reason is justified;

c. whether the petitioner asserted his right to a timely appeal; *and*

d. whether the delay prejudiced the petitioner by

   i. causing the petitioner to suffer oppressive incarceration pending appeal; *or*

   ii. causing the petitioner to suffer constitutionally cognizable anxiety and con-

cern awaiting the outcome of his or her appeal; *or*

iii. impairing the petitioner's grounds for appeal or his or her defenses in the event of a reversal and retrial.

*Id.* at 1559. Even though we balance all four factors, "ordinarily, a petitioner must make some showing on the fourth factor—prejudice—to establish a due process violation." *Id.*

Because we conclude that petitioner can make no showing of prejudice resulting from the delay in adjudicating his appeal, we need not discuss the other three factors. Turning to the first form of prejudice, we note that petitioner did not begin serving the twenty-five-year sentence he received for unlawful possession of methamphetamine until September 10, 1989, because he was completing a previous sentence. Moreover, after he completes the twenty-five-year sentence at issue, petitioner must serve an additional twenty years of time on subsequent convictions. Petitioner has not challenged these subsequent sentences, which could be credited with any time served if petitioner's conviction for unlawful possession of methamphetamine is overturned on appeal. Because petitioner has not suggested that the quality of his incarceration will be affected by the multiplicity of his convictions or the seriousness of the methamphetamine conviction, *see id.* at 1565, and he can be credited with time served if his conviction is overturned, we conclude that petitioner has not suffered any oppressive incarceration pending appeal.

To establish prejudice in the form of concern and anxiety awaiting the outcome of his appeal, petitioner must make "some particularized and substantial showing of anxiety and concern, absent a delay so excessive as to trigger [a] presumption of prejudice" pursuant to *Doggett v. United States,* —— U.S. ——, —— ———, 112 S.Ct. 2686, 2693–94, 120 L.Ed.2d 520 (1992). *Harris,* 15 F.3d at 1565. Although petitioner has suffered substantial delay in adjudicating his appeal, the delay has not been sufficiently long to trigger a presumption of prejudice under *Doggett.*[2] Because petitioner has not made the particularized showing otherwise required, he has not established prejudice resulting from anxiety and concern.

Finally, petitioner has not alleged any facts showing that either his grounds for defense or his grounds for appeal have been impaired by the delay in adjudicating his appeal. Therefore, petitioner has not established the third form of prejudice. Because petitioner has failed to establish any prejudice arising from the delay in adjudicating his appeal, we conclude that the delay does not give rise to an independent due process claim.

■ We turn, then, to petitioner's claim for ineffective assistance of counsel. The district court correctly concluded that petitioner had been deprived of effective assistance of counsel, and ordered the State to appoint him new counsel. Petitioner complains that the remedy the district court devised was not sufficient. In *Harris,* we held that during the time appointed counsel excessively delays in filing an appellate brief on behalf of a criminal defendant, the defendant has a claim for ineffective assistance of counsel that may be redressed through a habeas action. 15 F.3d at 1569. In speaking of remedies, we held that

> [t]he federal court may direct the State to appoint new counsel to represent the petitioner or otherwise ensure that the petitioner is provided effective assistance of counsel on appeal, and may grant a conditional writ, *i.e.,* order that the petitioner be released if the brief is not filed and the appeal decided within a specific period of time.

*Id.*

The district court, which did not have the benefit of our opinion in *Harris* when fashioning a remedy, chose only to direct the State to appoint new counsel for petitioner,

---

**2.** We differ with the district court's calculation of delay attributable to the State. In accordance with our opinion in *Harris,* 15 F.3d at 1556 n. 9, it appears that the delay in perfecting petitioner's appeal is attributable to the State. Likewise, both the time between the perfection of the appeal by the OIDS and private counsel's entry of an appearance, and the time between the district court's order directing the State to appoint new counsel and disposition of the appeal by the Oklahoma Court of Criminal Appeals, are attributable to the State.

and did not grant a conditional writ. While, in hindsight, coupling the appointment of new counsel with a conditional writ would have given petitioner a more effective remedy, we cannot say that the district court erred under the circumstances. Moreover, once petitioner's new counsel filed an appellate brief on his behalf, his claim for ineffective assistance of counsel resulting from delay ended. Thus, further redress on that claim is no longer appropriate.

If, as petitioner argues on appeal, the brief that was filed on his behalf was inadequate, then petitioner may have a separate claim for ineffective assistance of counsel based on the substance of counsel's representation, rather than on delay in receiving that representation. Such a claim is not before us at this time, however, and would have to be exhausted before it could be pursued in federal court.

In sum, the district court properly concluded that petitioner did not establish an independent due process claim entitling him to habeas relief. While the district court could have excused petitioner's failure to exhaust his state court remedies and have addressed his claims on the merits, its decision to grant petitioner relief on his ineffective assistance claim and send him back to state court armed with new counsel appears the better solution. *See id.* at 1557 (noting that hearing the merits of a habeas petitioner's claims who has not had the benefit of a counseled direct appeal in state court is frequently neither the preferred nor an effective solution).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.