**Wendell ELCOCK, Petitioner–Appellant,**

**v.**

**Robert J. HENDERSON, Superintendent of Auburn Correctional Facility, Respondent–Appellee.**

**No. 1583, Docket 93–2767.**

United States Court of Appeals, Second Circuit.

Argued May 18, 1994.

Decided June 30, 1994.

Ronald Cohen, New York City, for petitioner-appellant.

Anthea H. Bruffee, Asst. Dist. Atty., Brooklyn, NY (Charles J. Hynes, Dist. Atty., Kings County, Roseann B. MacKechnie, Asst. Dist. Atty., of counsel), for respondent-appellee.

Before: MESKILL, MINER and MAHONEY, Circuit Judges.

MINER, Circuit Judge:

Petitioner-appellant Wendell Elcock appeals from an order entered on November 24, 1993 in the United States District Court for the Eastern District of New York (Nickerson, J.), dismissing his petition, brought pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus, the district court having found that Elcock was afforded effective representation on his belated state court appeal.

## I.

In 1978, Elcock was convicted of Murder in the Second Degree and Assault in the First Degree following a jury trial in New York state court. Elcock was sentenced on September 1, 1978 and filed his notice of appeal on September 11. Elcock's trial counsel, Sara Halbert, was assigned on November 28, 1979 to represent him on appeal. Because Halbert did not prosecute the appeal, Elcock moved *pro se* for the appointment of new counsel. On September 13, 1983, the New York Supreme Court, Appellate Division, Second Department appointed Bruce Cohen to represent Elcock.

In July of 1986, almost eight years after Elcock had filed his notice of appeal, Cohen perfected a direct appeal on behalf of Elcock. In a sixty-six page brief, Cohen argued that (1) testimony regarding a line-up identification was erroneously admitted; (2) the state failed to prove guilt beyond a reasonable doubt; (3) the jury charge deprived Elcock of a fair trial; (4) certain evidentiary rulings deprived Elcock of a fair trial; (5) the prosecutor's summation deprived Elcock of a fair trial; and (6) the sentence imposed was excessive. On May 18, 1987, the Appellate Division, Second Department, unanimously affirmed the conviction. *People v. Elcock*, 130 A.D.2d 682, 516 N.Y.S.2d 19 (1987) (mem.). Leave to appeal was denied by the Court of Appeals. 70 N.Y.2d 711, 519 N.Y.S.2d 1046, 513 N.E.2d 1314 (1987) (Bellacosa, *J.*).

In February of 1989 Elcock filed a petition for a writ of habeas corpus in the district court, raising all the claims that he had raised on direct appeal except the challenge to his sentence. On May 23, 1989, the district court denied the petition, finding Elcock's claims to be without merit. On June 21, 1989, the district court denied Elcock's motion for reconsideration and reargument, but granted him a certificate of probable cause to appeal to this Court.

On his appeal Elcock claimed that (1) the district court erred by failing to appoint counsel to assist him with his habeas petition and (2) it had erred by reaching the merits of his factually deficient petition. During oral argument, Elcock's counsel urged us to remand the case for consideration of the issue of appellate delay. On May 3, 1990, we remanded the case for appointment of counsel so that the district court could consider the issue of appellate delay. *Elcock v. Henderson*, 902 F.2d 219 (2d Cir.1990) (per curiam).

On October 19, 1990, Elcock's new appointed counsel, Ronald Cohen, amended the original habeas petition to allege that Elcock was denied due process because of the delay in adjudicating his direct appeal. In January of 1991, the district court granted a conditional writ of habeas corpus, finding that the eight-and-one-half-year delay between trial and appeal had denied Elcock due process and had been caused by the unexcusable neglect of his appellate counsel. The district court also found that there had been a *per se* violation of Elcock's right to effective assistance of counsel under the Sixth Amendment, as applied to the states through the Fourteenth Amendment, because of what it termed Bruce Cohen's "actual conflict of interest." Although the district court denied Elcock's request for unconditional release, it ordered that he be given a new state court appeal and directed that he be released from custody unless new appellate counsel were appointed to perfect the new appeal within sixty days and the Appellate Division heard the appeal no later than June of 1991.

In February of 1991, the district court granted respondent's application for a stay of its order, pending appeal to this Court. On appeal, Elcock argued that the remedy of a new appeal was inappropriate and that he was entitled to unconditional release; on cross-appeal respondent argued that the district court erred by finding a violation of Elcock's due process rights caused by appellate delay. We upheld the district court's finding that Elcock's due process rights had been violated, but vacated the order of conditional release because of the inappropriateness of ordering a new appeal when the state court had already heard the appeal and the only constitutional violation stemmed from the delay. We also vacated the district court's finding of a Sixth Amendment violation and remanded the case for further consideration of the Sixth Amendment issue, and

specifically the existence of an actual conflict of interest, in light of our then recent decision in *Mathis v. Hood,* 937 F.2d 790 (2d Cir.1991) ("*Mathis II*"). *Elcock v. Henderson,* 947 F.2d 1004 (2d Cir.1991) ("*Elcock II*"). In upholding the denial of unconditional release, we determined that there was "no basis for concluding that the outcome of the appeal would likely have been altered by promptness in the appellate process." *Id.* at 1008. In other words, Elcock suffered no actual prejudice from the appellate delay.

With regard to the Sixth Amendment issue, this Court ordered the district court to make findings of fact regarding Bruce Cohen's appellate representation of Elcock. Specifically, we instructed the district court to

> inquire into the quality of Bruce Cohen's representation and into such other matters concerning the conflict-of-interest issue as may be warranted and [to] make new findings if appropriate. If it finds that no grievance ... was filed prior to the perfection of the appeal and finds that the quality of Bruce Cohen's representation was not poor, the court should, assuming it finds no other evidence of an actual conflict, conclude that there was no Sixth Amendment violation within the *Mathis II* framework. If the court finds that no grievance or other formal complaint was filed but that the quality of Bruce Cohen's representation was sufficiently poor to undermine confidence in the outcome of the appeal, the court should again conditionally grant the writ. The court should also conditionally grant the writ if its confidence in the outcome of the appeal is not undermined but it finds that Bruce Cohen's representation of Elcock was of poor quality and that poor quality was caused by Bruce Cohen's fear of potential disciplinary or other proceedings against him as a result of the delay. If no new findings favorable to Elcock are appropriate, the court should dismiss the petition.

*Id.* at 1010–11.

In his affidavit in support of the amended habeas petition, Elcock's present counsel, Ronald Cohen, failed specifically to address Bruce Cohen's effectiveness, but simply asserted that the prejudice suffered by Elcock was real. Notwithstanding our decision in *Elcock II,* Elcock sought unconditional release based upon appellate delay. Bruce Cohen was deposed at length during April of 1992 concerning his representation of Elcock during the direct appeal. On October 27, 1993, the district court made the following findings of fact and conclusions of law regarding the remanded Sixth Amendment issue:

> No grievance or other formal complaint was filed against Bruce Cohen by petitioner prior to the perfection of the state court appeal. The quality of Bruce Cohen's appellate representation was not poor. There is no other evidence that Bruce Cohen had an actual conflict of interest.

> There was no Sixth Amendment violation within the framework of *Mathis v. Hood,* 937 F.2d 790 (2d Cir.1991) ("*Mathis II*").

> Since there are no new findings favorable to the petitioner, the court dismisses the petition.

This appeal followed.

## II.

On appeal, Elcock argues that the district court erred by finding that Bruce Cohen's representation was adequate or, in the alternative, that he is entitled to habeas relief without demonstrating actual prejudice, in light of *Doggett v. United States,* —— U.S. ——, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Both arguments are without merit.

■ We need pause only briefly to address Elcock's first contention. As stated previously, in *Elcock II* we remanded this case with explicit instructions to the district court to determine if Bruce Cohen's representation of Elcock was so deficient that it resulted in actual prejudice to Elcock's appeal. The district court carefully followed our mandate and, upon reviewing the record, we conclude that the district court correctly determined that the quality of Bruce Cohen's representation was not poor and that Cohen did not labor under a conflict of interest during his representation of Elcock.

Elcock further contends that in light of *Doggett* he need not show actual prejudice resulting from appellate delay to obtain the habeas relief of unconditional release that he seeks on due process grounds. In *Elcock II*, we wrote: "With respect to whether a given delay constitutes a due process violation, we have noted that the analytical framework set forth in *Barker v. Wingo*, 407 U.S. 514 [92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)] is generally applicable." 947 F.2d at 1007. Accordingly, the panel went on to analyze Elcock's claims under the *Barker* standard and concluded,

> Even where a habeas petitioner has demonstrated that his due process rights have been violated by a delay in the appellate process, we have "not consider[ed] th[e] delay, without more, to be a sufficient basis for release from custody" but have expressly rejected the proposition that mere lapse of time is a sufficient basis for the granting of habeas. We have ruled that "some showing of prejudice *to the appeal* is necessary for habeas relief[;]" such a petitioner is not entitled to unconditional release on account of delay in his appeal "unless [he] can demonstrate that the appellate delay caused substantial prejudice to the disposition of his appeal."

*Id.* at 1008 (citations omitted). This analysis remains unaffected by the decision in *Doggett*.

*Doggett* involved a defendant's Sixth Amendment speedy trial claim based upon an eight-and-one-half-year delay between the return of the indictment and the trial. In analyzing this claim, the Court applied the *Barker* standard. —— U.S. at ——, 112 S.Ct. at 2690. In the portion of the opinion arguably relevant to this case, the Court stated that "consideration of prejudice is not limited to the specifically demonstrable, and . . . affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Id.* —— U.S. at ——, 112 S.Ct. at 2692. The Court in *Doggett* clearly was concerned with the prejudice occasioned by the delay of a trial and was not concerned with problems attendant upon the delay of an appeal. It cited factors such as "oppressive pretrial incarceration" and "the possibility that the [ac-

cused's] defense will be impaired by dimming memories and loss of exculpatory evidence." *Doggett*, —— U.S. at ——, 112 S.Ct. at 2692. In determining the prejudice occasioned by appellate delay, such considerations are not relevant. Elcock's arguments do not relate to any prejudice that might have been occasioned by appellate delay in this case.

*Doggett* has no impact upon a prisoner's request for habeas relief based on a claim of appellate delay; it leaves the actual prejudice requirement of *Mathis II* and *Elcock II* untouched in such cases. Accordingly, in light of our conclusion in *Elcock II* that Elcock suffered no actual prejudice as a result of appellate delay, habeas relief remains unavailable to him.

### III.

For all of the foregoing reasons, the order of the district court is affirmed.