IN THE CASE OF


Jeffrey G. Toohey, Staff Sergeant
United States Marine Corps, Petitioner

v.

UNITED STATES, Respondent

No. 04-8019/MC

Crim. App. No. 200001621


United States Court of Appeals for the Armed Forces


Decided July 2, 2004

<u>Counsel</u>


For Petitioner:  <u>Pro Se</u>.

For Respondent:  <u>Lieutenant Frank L. Gatto</u>, JAGC, USNR, and
    <u>Commander R. P. Taishoff</u>, JAGC, USN (on brief).




<u>THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION</u>.

<u>Toohey v. United States</u>, No. 04-8019/MC

PER CURIAM:

This case involves a request for extraordinary relief because of lengthy appellate delay. Petitioner is confined as the result of a general court-martial conviction for rape and assault. His trial concluded on August 13, 1998. He has challenged his conviction and sentence in his direct appeal to the Navy-Marine Corps Court of Criminal Appeals. However, almost six years after his conviction, Petitioner's first-level appeal as of right remains unresolved.

BACKGROUND

A general court-martial found Petitioner guilty of one specification of rape and one specification of assault in violation of Articles 120 and 128 of the Uniform Code of Military Justice.[1] The court-martial was first called to order on May 21, 1998, and adjourned on August 13, 1998. The members sentenced Petitioner to confinement for 12 years, reduction to pay-grade E-1, forfeiture of all pay and allowances, and a dishonorable discharge. The convening authority approved the sentence as adjudged and, with the exception of the dishonorable discharge, ordered it executed.

---

[1] 10 U.S.C. §§ 920, 928 (1994).

2

<u>Toohey v. United States</u>, No. 04-8019/MC

The filings in this case establish the following chronology:

| Date | Event | Days Elapsed Between Events | Total Days Since Sentence Adjudged |
|------|-------|-----|-----|
| Aug. 13, 1998 | Sentence adjudged and court-martial adjourned | -- | -- |
| Apr. 29, 1999 | Record of trial examined by trial counsel | 259 | 259 |
| June 28, 1999 | Military judge authorizes substitute authentication | 60 | 319 |
| Sep. 28, 1999 | Record of trial served on defense counsel | 92 | 411 |
| Oct. 24, 1999 | Staff judge advocate's recommendation served on defense counsel | 26 | 437 |
| Oct. 28, 1999 | Defense submits Rule for Courts-Martial 1105 clemency petition | 4 | 441 |
| Nov. 24, 1999 | Defense submits response to staff judge advocate's recommendation | 27 | 468 |
| May 15, 2000 | Addendum staff judge advocate's recommendation published | 173 | 641 |
| May 18, 2000 | Convening authority acts | 3 | 644 |
| Sep. 20, 2000 | Petitioner requests correction of alleged post-trial processing errors | 125 | 769 |

3

| | | | |
|---|---|---|---|
| Oct. 11, 2000 | Navy-Marine Corps Appellate Review Activity receives record of trial | 21 | 790 |
| Oct. 26, 2000 | Navy-Marine Corps Court of Criminal Appeals (NMCCA) dockets appeal | 15 | 805 |
| Feb. 14, 2001 | Defense files motion for appropriate relief based on post-trial delay | 111 | 916 |
| Mar. 28, 2002 | Petitioner's brief filed at NMCCA | 407 | 1323 |
| Dec. 6, 2002 | Government's brief filed at NMCCA | 253 | 1576 |
| Feb. 6, 2003 | Petitioner's reply brief filed at NMCCA | 62 | 1638 |
| Feb. 11, 2003 | Case submitted to Panel 3 of NMCCA | 5 | 1643 |
| Jan. 13, 2004 | Petitioner files motion for appropriate relief due to appellate delay | 336 | 1979 |
| Jan. 29, 2004 | NMCCA denied motion for appropriate relief | 16 | 1995 |
| July 2, 2004 | This opinion issued | -- | 2150 |

The transcript of Petitioner's court-martial consists of 943 pages. The complete record of trial is spread over eleven volumes.

This chronology demonstrates that Petitioner has not received his first level appeal as of right more than five years and ten months after he was sentenced. It also demonstrates that more than three years and eight months have passed since

4

Toohey v. United States, No. 04-8019/MC

the Navy-Marine Corps Appellate Review Activity received his

case.

## DISCUSSION

As we noted last term, "[t]his Court has long recognized that an accused has the right to a timely review of his or her findings and sentence."[2] This includes a right to a reasonably timely convening authority's action,[3] the reasonably prompt forwarding of the record of trial to the service's appellate authorities,[4] and reasonably timely consideration by the military appellate courts. In this case, lengthy delay occurred at each of those three stages, producing an on-going aggregate delay of almost six years.

The right to timely appellate review has both statutory and constitutional roots. A military appellant's "right to a full and fair review of his findings and sentence under Article 66 embodies a concomitant right to have that review conducted in a timely fashion."[5] We have observed that the Courts of Criminal

---

[2] Diaz v. Judge Advocate General of the Navy, 59 M.J. 34, 37 (C.A.A.F. 2003).

[3] See United States v. Williams, 55 M.J. 302, 305 (C.A.A.F. 2001) ("Appellant has a right to a speedy post-trial review of his case.").

[4] See United States v. Dunbar, 31 M.J. 70, 73 (C.M.A. 1990) (calling delay in forwarding the record of trial to the appellate court "the least defensible of all" post-trial delay).

[5] Diaz, 59 M.J. at 37-38.

Appeals' unique powers and responsibilities "call[] for, if anything, even greater diligence and timeliness than is found in the civilian system."[6]  Additionally, the Due Process Clause guarantees "a constitutional right to a timely review."[7]

Other federal appellate courts have similarly recognized a due process right to a reasonably timely appeal.[8]  The United States Court of Appeals for the Sixth Circuit has bluntly articulated the rationale for protecting against unreasonable appellate delay:  "An appeal that needlessly takes ten years to adjudicate is undoubtedly of little use to a defendant who has been wrongly incarcerated on a ten-year sentence."[9]  In its brief, the Government expressly acknowledges that the "Due Process Clause guarantees the right to a timely appellate review of a court-martial."

Federal courts generally consider four factors to determine whether appellate delay violates an appellant's due process

---

[6] Id. at 39.

[7] Id. at 38.

[8] See generally Campiti v. Matesanz, 186 F. Supp. 2d 29, 43 (D. Mass. 2002)("Although the Supreme Court has not addressed appellate delay in the due process context, seven of the Courts of Appeals have held that an appellate delay may constitute a due process violation under some circumstances."), aff'd, 333 F.3d 317 (1st Cir.), cert. denied, 124 S. Ct. 346 (2003).

[9] United States v. Smith, 94 F.3d 204, 207 (6th Cir. 1996).

rights:  (1) length of the delay; (2) reasons for the delay; (3)
the appellant's assertion of his right to a timely appeal; and
(4) prejudice to the appellant.[10]  These factors are derived from
the Supreme Court's speedy trial analysis in Barker v. Wingo.[11]

The first factor's "length of delay" calculation includes
time caused by "failures of []appointed counsel and delays by
the court" itself.[12]  The "length of delay" factor plays two
roles.  "First, the 'length of the delay is to some extent a
triggering mechanism,' and unless there is a period of delay
that appears, on its face, to be unreasonable under the
circumstances, 'there is no necessity for inquiry into the other
factors that go into the balance.'"[13]  "Second, if the
constitutional inquiry has been triggered, the length of delay
is itself balanced with the other factors and may, in extreme

---

[10] See, e.g., id.; United States v. Hawkins, 78 F.3d 348, 350
(8th Cir. 1996); Hill v. Reynolds, 942 F.2d 1494, 1497 (10th
Cir. 1991); United States v. Antoine, 906 F.2d 1379 (9th Cir.
1990); Simmons v. Reynolds, 898 F.2d 865, 868 (2d Cir. 1990);
Rheuark v. Shaw, 628 F.2d 297, 303-04 (5th Cir. 1981); United
States v. Johnson, 732 F.2d 379, 381-82 (4th Cir. 1980).

[11] 407 U.S. 514, 530 (1972).

[12] Simmons v. Beyer, 44 F.3d 1160, 1170 (2d Cir. 1995) (quoting
Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990)).  See also
Taylor v. Hargett, 27 F.3d 483, 486 n.2 (10th Cir. 1994)
(attributing to the state the time during which the Oklahoma
Court of Criminal Appeals deliberated on the case).

[13] Smith, 94 F.3d at 208-09 (quoting Barker, 407 U.S. at 530).

7

circumstances, give rise to a strong 'presumption of evidentiary prejudice' affecting the fourth Barker factor."[14]

The first step in evaluating appellate delay is to determine whether the "length of delay" triggering mechanism has been pulled. This, in turn, requires us to consider a threshold question: How much delay is too much? The Tenth Circuit has adopted "a presumption of inordinate delay" upon "a two-year delay in finally adjudicating a direct criminal appeal."[15] "[M]ost courts evaluating such delay," however, "apply the first factor on a case-by-case basis."[16] Many factors can affect the reasonableness of appellate delay. These include not only such universal concerns as length of the record and complexity of the issues, but also military-unique considerations such as operational commitments that may delay transmission of the record to the Court of Criminal Appeals. These variables convince us that "there is no talismanic number of years or months [of appellate delay] after which due process is automatically violated."[17] Whether appellate delay satisfies the first criterion is best determined on a case-by-case basis.

---

[14] Id. at 209 (quoting Doggett v. United States, 505 U.S. 647, 657 (1992)).

[15] Harris v. Champion, 15 F.3d 1538, 1560 (10th Cir. 1994).

[16] Smith, 94 F.3d at 209.

[17] Coe, 922 F.2d at 531.

In this case, Petitioner has made a threshold showing of "a period of delay that appears, on its face, to be unreasonable under the circumstances."[18]  Without analyzing the timeliness of each step that has occurred since Petitioner's court-martial ended in August 1998, the aggregate delay facially appears to be unreasonable, even for this serious contested case.  This conclusion is consistent with civilian cases holding that six years of appellate delay in non-capital felony cases satisfies the "length of delay" criterion, thereby requiring a full due process analysis.[19]  We are further convinced that this case presents a prima facie case regarding length of delay because the Government has not attempted to defend the pace of Petitioner's appeal.

Concluding that the aggregate delay in this case appears facially unreasonable, however, is merely the beginning of the due process analysis.  The optimal resolution of this petition for extraordinary relief is to provide the Navy-Marine Corps Court, in the first instance, with the task of evaluating the four appellate delay factors to determine whether a due process

---

[18] Smith, 94 F.3d at 208-09 (quoting Barker, 407 U.S. at 530).

[19] See, e.g., Simmons v. Reynolds, 898 F.2d at 868; Mathis v. Hood, 937 F.2d 790, 794 (2d Cir. 1991).

violation has occurred and, if so, to determine an appropriate remedy.

Allowing the Navy-Marine Corps Court to perform this task is appropriate for at least two reasons. First, the information available to us in this extraordinary relief litigation is sparse. While the filings in this Court establish the length of the delay and Petitioner's repeated assertion of his right to a timely appeal, they shed little light on the reasons for the delay or the resulting prejudice to Petitioner. We have recognized that where important facts necessary to resolve an issue are unavailable, "a remand to establish a factual record normally [is] required."[20]

The Navy-Marine Corps Court possesses Petitioner's record of trial, has access to the issues Petitioner has raised on appeal, and can evaluate the strength of those issues. That court is well-placed to make the initial determination of whether Petitioner's due process rights have been violated. Additionally, if we were to order that the eleven-volume record and appellate papers be filed here for our own analysis of these factors, we would interfere with the very goal of this litigation: the prompt resolution of Petitioner's case before the Navy-Marine Corps Court.

---

[20] United States v. Haney, 45 M.J. 447, 448 (C.A.A.F. 1996).

A second reason why we should allow the Navy-Marine Corps Court to resolve this issue arises from that court's unique powers under Article 66(c). Prejudice is a clear requirement for an Article III court to provide relief for unreasonable post-trial delay.[21] Our review involves a determination of whether a prejudicial error of law occurred. The Courts of Criminal Appeals, however, possess broader powers.[22] They may issue relief upon a finding that lengthy delay following a court-martial conviction renders some portion of the findings or sentence inappropriate.[23] Even if it finds that the delay in this case does not rise to the level of a prejudicial error of law--a matter about which we express no opinion--the Navy-Marine Corps Court has the authority to nevertheless conclude that some form of relief is appropriate.

---

[21] See, e.g., United States v. Luciano-Mosquera, 63 F.3d 1142, 1158 (1st Cir. 1995) (holding that relief for appellate delay requires a showing of prejudice, such as a demonstration that the delay impaired the appeal or the defense in the event of retrial); Harris, 15 F.3d at 1563-64 (recognizing three typical forms of prejudice arising from appellate delay: (1) impairment of the grounds for appeal; (2) anxiety supported by a colorable state or federal claim that would warrant reversal of the conviction or a reduction of sentence; and (3) oppressive incarceration).

[22] See Art. 66(c), UCMJ, 10 U.S.C. § 866(c) (2000).

[23] See generally United States v. Tardif, 57 M.J. 219 (C.A.A.F. 2002).

Toohey v. United States, No. 04-8019/MC

DECISION

We grant in part and deny in part the petition for extraordinary relief.  We conclude that Petitioner has made a threshold showing of an appearance of facially unreasonable delay since the conclusion of his court-martial.  We expect the Navy-Marine Corps Court of Criminal Appeals to use its best efforts to render a decision on Petitioner's appeal without delay.  In deciding Petitioner's case, the Navy-Marine Corps Court will determine whether the lengthy delay in this case violated Petitioner's Fifth Amendment right to due process. The court will also determine whether the lengthy delay in this case warrants some form of relief.

The portion of the petition for extraordinary relief requesting an order directing Petitioner's release from confinement and deferral of his sentence, or alternatively directing confinement credit of not less than 24 months, is denied at this time.  However, if the Navy-Marine Corps Court fails to issue a decision in this case within 90 days of this opinion, we invite Petitioner to notify us of that fact and seek further relief.

CRAWFORD, Chief Judge (dissenting):

Petitioner has raised the issue of post-trial delay before the court below and that issue is currently pending before the Court of Criminal Appeals.[1] This Court abuses its authority and its writ jurisdiction by directing the lower court to rule, and suggesting how it should rule, on an issue that is already properly before it on direct review. For these reasons, I respectfully dissent.

The court below is well aware of this Court's jurisprudence in the area of post-trial delay,[2] and is quite capable of applying that jurisprudence to the facts of this case. It is most inappropriate for this Court to seek to influence the timetable and decision-making process of a lower court while that court is deliberating. A review of the docket of any appellate court would reveal that for understandable reasons, some cases take longer to decide than others. Further, the issue of post-trial delay in this case is not the proper subject of a writ. We should not abuse our writ jurisdiction by injecting this Court's views on the substance of this issue into

---

[1] IX. APPELLANT SUFFERED PREJUDICE DUE TO AN INORDINATE POST-TRIAL DELAY OF OVER 790 DAYS BETWEEN THE DATE OF TRIAL AND THE DATE THAT HIS CASE WAS FORWARDED TO THE NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS FOR APPELLATE REVIEW.

[2] United States v. Tardif, 57 M.J. 219 (C.A.A.F. 2002), a 3-2 opinion with Crawford, C.J., and Sullivan, S.J., dissenting. Id. at 225, 228.

the deliberations of the court below.  This amounts to an affront to the judicial independence of the judges below by seeking to influence their deliberations in this case.  If the Petitioner is not satisfied with the decision of the court below, he can appeal that decision in the normal course of review.

On August 13, 1998, contrary to his pleas, Petitioner was convicted, by a panel composed of officer and enlisted members, of rape and assault in violation of Articles 120 and 128, Uniform Code of Military Justice (UCMJ).[3]  The members sentenced him to confinement for 12 years, forfeiture of all pay and allowances, reduction to the lowest enlisted grade, and a dishonorable discharge.  On May 18, 2000, the convening authority approved the findings and sentence.

This Court has recognized its authority to (1) "issue all writs necessary or appropriate in aid" of its jurisdiction when (2) "agreeable to the usages and principle of law."[4]  Petitioner satisfies the first prong in relief of a jurisdiction when he establishes that this Court has potential jurisdiction over his appeal.  However, he must also establish that the writ is "agreeable to usages and principles of law" by presenting

---

[3] 10 U.S.C. §§ 920 and 928 (2000).

[4] United States v. Frischolz, 16 C.M.A. 150, 36 C.M.R. 306 (1966).

evidence that the exercise of jurisdiction would be consistent with judicial economy;[5] or that normal appellate review could not correct the illegality.[6]  There has been no showing of either in this case.  Normal appellate review will suffice.

While the Supreme Court has not addressed the constitutional right to a speedy criminal appeal, "[t]his Court has long recognized" the right to a speedy post-trial review of the findings and sentence in a court-martial.[7]  This Court partially based the "constitutional right to a timely review guaranteed . . . [on] the Due Process Clause."[8]  In Diaz, the number of cases pending before the Defense Appellate Division was noted.  Now that backlog has shifted to the Court of Criminal Appeals.  As the pleadings indicate, there are nearly 275 cases fully briefed and pending before the Court of Criminal Appeals.  Nearly 40 of these cases have been fully briefed and pending for over a year.  This is not a case where counsel has not been appointed[9] or an instance where civilian counsel has

---

[5] Murray v. Haldeman, 16 M.J. 74 (C.M.A. 1983).

[6] See, e.g., Collier v. United States, 19 C.M.A. 511, 42 C.M.R. 113 (1970).

[7] Diaz v. Judge Advocate General of the Navy, 59 M.J. 34, 37 (C.A.A.F. 2003).

[8] Id. at 38.

[9] Cf. Taylor v. Hargett, 27 F.3d 483 (10th Cir. 1994).

been appointed and has not been diligently trying to ease his/her backlog.[10]

A number of federal courts have addressed the constitutional right to a speedy criminal appeal[11] and have examined the four factors mentioned in the majority opinion. But this Court is not a factfinder and not in a position to determine whether there are reasonable or unreasonable delays in this case. Nor are we in a position to determine whether there has been "deliberate intent to harm the accused's" rights to a speedy post-trial review versus "negligence or overcrowded courts."[12] Nor can we gather the post-trial information related to Petitioner's confinement status and whether there is substantial prejudice. The court below is in a good position to evaluate "defendant's acquiescence" in the delays that have taken place and evaluate whether Petitioner's position to defend himself has been "impaired."[13] For these reasons I dissent and would deny the request for a writ.

---

[10] Cf. Simmons v. Beyer, 44 F.3d 1160 (3d Cir. 1995).

[11] See, e.g., Elcock v. Henderson, 28 F.3d 276, 279 (2d Cir. 1994)(no violation of due process for eight-year delay between a conviction and appeal when no showing of actual prejudice); Heiser v. Ryan, 15 F.3d 299, 303-04 (3d Cir. 1994)(absent showing of prejudice, 13-year delay did not violate due process).

[12] Doggett v. United States, 505 U.S. 647, 658 (1992).

[13] Id. at 658 n.4.