CRAWFORD, Chief Judge
(dissenting):
Petitioner has raised the issue of post-trial delay before the court below and that issue is currently pending before the Court of Criminal Appeals.[1] This Court abuses its authority and its -writ jurisdiction by directing the lower court to rule, and suggesting how it should rule, on an issue that is already properly before it on direct review. For these reasons, I respectfully dissent.
The court below is well aware of this Court’s jurisprudence in the area of post-trial delay,[2] and is quite capable of applying that jurisprudence to the facts of this case. It is most inappropriate for this Court to seek to influence the timetable and decision-making process of a lower court while that court is deliberating. A review of the docket of any appellate court would reveal that for understandable reasons, some cases take longer to decide than others. Further, the issue of post-trial delay in this case is not the proper subject of a writ. We should not abuse our writ jurisdiction by injecting this Court’s views on the substance of this issue into the deliberations of the court below. This amounts to an affront to the judicial independence of the judges below by seeking to influence their deliberations in this case. If the Petitioner is not satisfied with the decision of the court below, he can appeal that decision in the normal course of review.
On August 13, 1998, contrary to his pleas, Petitioner was convicted, by a panel composed of officer and enlisted members, of rape and assault in violation of Articles 120 and 128, Uniform Code of Military Justice (UCMJ).[3] The members sentenced him to confinement for 12 years, forfeiture of all pay and allowances, reduction to the lowest enlisted grade, and a dishonorable discharge. On May 18, 2000, the convening authority approved the findings and sentence.
This Court has recognized its authority to (1) “issue all writs necessary or appropriate in aid” of its jurisdiction when (2) “agreeable to the usages and principle of law.”[4] Petitioner satisfies the first prong in relief of a jurisdiction when he establishes that this Court has potential jurisdiction over his appeal. However, he must also establish that the writ is “agreeable to usages and principles of law” by presenting evidence that the *105 exercise of jurisdiction would be consistent with judicial economy;[5] or that normal appellate review could not correct the illegality.[6] There has been no showing of either in this case. Normal appellate review will suffice.
While the Supreme Court has not addressed the constitutional right to a speedy criminal appeal, “[t]his Court has long recognized” the right to a speedy post-trial review of the findings and sentence in a court-martial.[7] This Court partially based the “constitutional right to a timely review guaranteed ... [on] the Due Process Clause.”[8] In Diaz, the number of cases pending before the Defense Appellate Division was noted. Now that backlog has shifted to the Court of Criminal Appeals. As the pleadings indicate, there are nearly 275 cases fully briefed and pending before the Court of Criminal Appeals. Nearly 40 of these cases have been fully briefed and pending for over a year. This is not a case where counsel has not been appointed[9] or an instance where civilian counsel has been appointed and has not been diligently trying to ease his/her backlog.[10]
A number of federal courts have addressed the constitutional right to a speedy criminal appeal[11] and have examined the four factors mentioned in the majority opinion. But this Court is not a factfinder and not in a position to determine whether there are reasonable or unreasonable delays in this case. Nor are we in a position to determine whether there has been “deliberate intent to harm the accused’s” rights to a speedy post-trial review versus “negligence or overcrowded courts.”[12] Nor can we gather the post-trial information related to Petitioner’s confinement status and whether there is substantial prejudice. The court below is in a good position to evaluate “defendant’s acquiescence” in the delays that have taken place and evaluate whether Petitioner’s position to defend himself has been “impaired.”[13] For these reasons I dissent and would deny the request for a writ.

. IX. APPELLANT SUFFERED PREJUDICE DUE TO AN INORDINATE POST-TRIAL DELAY OF OVER 790 DAYS BETWEEN THE DATE OF TRIAL AND THE DATE THAT HIS CASE WAS FORWARDED TO THE NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS FOR APPELLATE REVIEW.

. United States v. Tardif, 57 M.J. 219 (C.A.A.F.2002), a 3-2 opinion with Crawford, C.J., and Sullivan, S.J., dissenting. Id. at 225, 228.

. 10 U.S.C. §§ 920 and 928 (2000).

. United States v. Frischolz, 16 C.M.A. 150, 36 C.M.R. 306 (1966).

. Murray v. Haldeman, 16 M.J. 74 (C.M.A.1983).

. See, e.g., Collier v. United States, 19 C.M.A. 511, 42 C.M.R. 113 (1970).

. Diaz v. Judge Advocate General of the Navy, 59 M.J. 34, 37 (C.A.A.F.2003).

. Id. at 38.

. Cf. Taylor v. Hargett, 27 F.3d 483 (10th Cir.1994).

. Cf. Simmons v. Beyer, 44 F.3d 1160 (3d Cir.1995).

. See, e.g., Elcock v. Henderson, 28 F.3d 276, 279 (2d Cir.1994)(no violation of due process for eight-year delay between a conviction and appeal when no showing of actual prejudice); Heiser v. Ryan, 15 F.3d 299, 303-04 (3d Cir.1994)(absent showing of prejudice, 13-year delay did not violate due process).

. Doggett v. United States, 505 U.S. 647, 658, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992).

. Id. at 658 n. 4, 112 S.Ct. 2686.